UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RUTH ROJAS DUARTE,                                    Index No.: 15-cv-06824

                                    Plaintiff,

-against-

ST. BARNABAS HOSPITAL,

                                    Defendant.
-----------------------------------------------------------------X


**PLAINTIFF RUTH ROJAS DUARTE'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

<u>TABLE OF CONTENTS</u>

Page

TABLE OF AUTHORITIES ............................................................................i

PRELIMINARY STATEMENT ....................................................................1

STATEMENT OF FACTS ............................................................................2

ARGUMENT...................................................................................................2

POINT I
THE COURT MUST ANALYZE PLAINTIFF'S
DISCRIMINATION AND HOSTILE WORK ENVIRONMENT
CLAIMS UNDER A TOTALITY OF THE CIRCUMSTANCES
ANALYSIS...................................................................................................4

POINT II
PLAINTIFF'S DISCRIMINATION AND RETALIATION
CAUSES OF ACTION SHOULD NOT BE DISMISSED ......................4

A.  Plaintiff's Discrimination Claims are
Not Barred by the Election of Remedies
Provision Under New York Labor Law § 740...........................4

B.  Plaintiff Has Established Her
*Prima Facie* Case of Discrimination ......................................8

C.  At a Minimum, a Question of Fact
Exists Precluding Summary Judgment
on Plaintiff's Whistleblower Retaliation Claims....................12

i.  Plaintiff Engaged in Protected Activity ........................12

ii.  Plaintiff Has Established a Causal
Connection Sufficient to Defeat Summary Judgment
on her Whistleblower Retaliation Claims ....................15

D.  Defendant's Purported Justification for Terminating
Plaintiff's Employment is a Mere Pretext ...............................17

POINT III
PLAINTIFF HAS ESTABLISHED A VIABLE
HOSTILE WORK ENVIRONMENT CLAIM ....................................19

POINT IV
 PLAINTIFF'S FMLA CLAIMS SHOULD NOT BE DISMISSED ....................23

CONCLUSION..................................................................................................................24

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Amtrak v. Morgan,
    536 U.S. 101 (2002)................................................................................10

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986)..................................................................................3

Barber v. Von Roll U.S.A., Inc.,
    No. 14-CV-907, 2015 U.S. Dist. LEXIS 112198 (N.D.N.Y. August 25, 2015) .....5

Barker v. Peconic Landing at Southold, Inc.,
    885 F. Supp. 2d 564 (E.D.N.Y. 2012) ...............................................5, 6

Barturen v. Wild Edibles, Inc.,
    2007 WL 4468656 (S.D.N.Y. Dec. 18, 2007) ......................................15

Benedith v. Malverne Union Free Sch. Dist.,
    38 F.Supp.3d 286 (E.D.N.Y. 2014) .......................................................13

Bermudez v. City of N.Y.,
    2011 WL 1218406 (S.D.N.Y. March 25, 2011) ...................................21

Brierly v. Deer Park Union Free Sch. Dist.,
    359 F.Supp.2d 275 (E.D.N.Y. 2005) ....................................................3-4

Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.,
    411 F.3d 306, 314 (2d Cir. 2005) .........................................................16

Cabrera v. Fresh Direct, LLC.,
    No. 12-CV-6200, 2013 U.S. Dist. LEXIS 121956 (E.D.N.Y. Aug. 27, 2013) .......7

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986)..................................................................................2

Chambers v. TRM Copy Ctrs. Corp.,
    43 F.3d 29 (2d Cir. 1994) ......................................................................11

Chertkova v. Connecticut General Life Ins. Co.,
    92 F.3d 81 (2d Cir. 1996) ......................................................................11

Chin v. Chinatown Manpower Project,
    No. 11-CV-5270, 2014 U.S. Dist. LEXIS 72573 (S.D.N.Y. May 23, 2014) .. 13-14

Collette v. St. Luke's Roosevelt Hosp.,
    132 F. Supp. 2d 256 (S.D.N.Y. 2001) ................................................................5, 8

Cronin v. Aetna Life Ins. Co.,
    46 F.3d 196 (2d Cir. 1995) ................................................................................18

Danzer v. Norden Sys., Inc.,
    151 F.2d 50 (2d Cir. 1998) .................................................................................15

Duarte v. Tri-State Phy. Med. & Rehab., P.C.,
    2012 WL 2847741 (S.D.N.Y. July 11, 2012) ......................................................14

Ellis v. Century 21 Dep't Stores,
    975 F.Supp.2d 244 (E.D.N.Y. 2013) ..................................................................10

Esmilla v. Cosmopolitan Club,
    936 F.Supp.2d 229 (S.D.N.Y. 2013) ..................................................................14

Espinal v. Goord,
    558 F.3d 119 (2d. Cir. 2009) ..............................................................................17

Ewing v. Coca Cola Bottling Co. of N.Y., Inc.,
    2001 WL 767070 (S.D.N.Y. June 25, 2001) ......................................................20

Flynn v. N.Y. State Div. of Parole,
    620, F.Supp.2d 462 (S.D.N.Y. 2009) ..................................................................8

Furfero v. St. John's Univ.,
    94 A.D.2d 695 (2d Dept. 2012) ..........................................................................23

Gallo v. Prudential Residential Serv.,
    22 F.3d 1219 (2d Cir. 1994) .................................................................................2

Gorman-Bakos v. Cornell Coop. Extension,
    252 F.3d 545 (2d Cir. 2001) ...............................................................................17

Graham v. Long Island R.R.,
    230 F.3d 38 (2d Cir. 2000) ................................................................. 9, 11, 18-19

Grant v. Bethlehem Steel Corp.,
    622 F.2d 43 (2d Cir. 1980) .................................................................................17

Gregory v. Daly,
        243 F.3d 687 (2d Cir. 2001) ...................................................................................11

Griffin v. Ambika Corp.,
        103 F.Supp.2d 297 (S.D.N.Y. 2000) ......................................................................3

Grosso v. Queens College,
        2004 WL 583767 (S.D.N.Y. Mar. 23, 2004).........................................................10

Hettler v. Entergy Enters., Inc.,
        15 F.Supp.3d 447 (S.D.N.Y. 2014) .........................................................................8

Hernandez v. Kaisman,
        103 A.D.3d 106 (1st Dep't 2012) ....................................................................9, 10

Holcomb v. Iona Coll.,
        521 F.3d 130 (2d Cir. 2008) ..................................................................................18

Humphrey v. RAV Investigative & Security Srvs. Ltd.,
        169 F.Supp.3d 489 (S.D.N.Y. 2016) .......................................................................8

Jaroslawicz v. Seedman,
        528 F.2d 727 (2d Cir. 1975) ....................................................................................3

Jeffreys v. City of New York,
        426 F.3d 549 (2d Cir. 2005) ....................................................................................3

Kapner v. Riverside Wine & Liquor, Inc.,
        No. 09-CV-6565, 2011 U.S. Dist. LEXIS 125014 (W.D.N.Y. Oct. 28, 2011) .......5

Kramsky v. Chetrit Grp., LLC.,
        No. 10-CV-2638, 2010 U.S. Dist. LEXIS 121351 (S.D.N.Y. Nov. 16, 2010)....5, 8

Leung v. New York Univ.,
        2010 WL 1372541 (S.D.N.Y. March 29, 2010) ...................................................17

M.E.S., Inc. v. Liberty Mut. Sur. Grp.,
        2014 WL 46622 (E.D.N.Y. Jan. 6, 2014) ..............................................................24

Magnotti v. Crossroads Healthcare Mgmt., LLC.,
        No. 14-CV-6679, 2015 U.S. Dist. LEXIS 118194 (E.D.N.Y. Sept. 3, 2015) .........5

Malanga v. NYU Langone Med. Ctr.,
        2015 WL 7019819 (S.D.N.Y. Nov. 12, 2015).........................................................8

McCarthy v. Dun & Bradstreet Corp.,
        484 F.3d 184 (2d Cir. 2007) ....................................................................................2

McDonnell Douglas Corp. v. Green,
.     411 U.S. 792 (1973)..................................................................................18

Melman v. Montefiore Med. Ctr.,
.     98 A.D.3d 107 (1st Dept. 2012) ...........................................................23

Memnon v. Clifford Chance US, LLP.,
.     667 F.Supp.2d 334 (S.D.N.Y. 2009) ....................................................13

Mihalik v. Credit Agricole Cheureux N. Am., Inc.,
.     715 F.3d 102 (2d Cir. 2013) ...................................................10, 13, 22

National R.R. Passenger Corp. v. Morgan,
.     536 U.S. 101 (2002)...................................................................................7

Noble v. 93 Univ. Place Corp.,
.     303 F.Supp.2d 365 (S.D.N.Y. 2003) ....................................................16

Pal v. New York Univ.,
.     2010 WL 289305 (S.D.N.Y. Jan. 25, 2010) ................................... 15-16

Patterson v. Cnty. of Oneida, New York,
.     375 F.3d 206 (2d Cir. 2004) ..................................................................23

Pealo v. AAF McQuay, Inc.,
.     140 F.Supp.2d 233 (N.D.N.Y. 2001).......................................................3

Philip v. City of New York,
.     2012 WL 1356604 (E.D.N.Y. 2012) .......................................................7

Phillip v. Gtech Corp.,
.     2016 WL 3959729 (S.D.N.Y. July 20, 2016)...................................22, 23

Phillips v. Bowen,
.     278 F.3d 103 (2d Cir. 2002) ..................................................................20

Pryor v. Jaffe & Asher, LLP.,
.     992 F.Supp.2d 252 (S.D.N.Y. 2014) ..................................9, 10, 12, 21

Quarantino v. Tiffany & Co.,
.     71 F.3d 58 (2d Cir. 1995) .........................................................................9

Quinby v. WestLB AG,
.     2007 WL 1153994 (S.D.N.Y. April 19, 2007) ....................................11

Ramos v. Marriot Intern, Inc.,
    134 F.Supp.2d 328 (S.D.N.Y. 2001) ................................................................18

Raniola v. Bratton,
    243 F.3d 610 (2d Cir. 2001) ...........................................................................16

Richardson v. New York State Dep't of Corr.,
    180 F.3d 426, 439 (2d Cir. 1999) ....................................................................23

Rodriguez v. City of N.Y.,
    644 F.Supp.2d 168 (E.D.N.Y. 2008) ...............................................................17

Rule v. Brine, Inc.,
    85 F.3d 1002 (2d Cir. 1996) ..............................................................................3

Sanders v. New York City Human Res. Admin.,
    361 F.3d 749 (2d Cir. 2004) ............................................................................16

Salazar v. Bowne Realty Assoc., LLC,
    796 F.Supp.2d 378 (E.D.N.Y. 2011) ...............................................................17

Satterfield v. United Parcel Serv., Inc.,
    2003 WL 22251314 (S.D.N.Y. Sept. 30, 2003) ...............................................18

Schiano v. Quality Payroll Sys., Inc., 4
    45 F.3d 597 (2d Cir. 2006) ..............................................................................23

Schwapp v. Town of Avon,
    118 F.3d 106 (2d Cir. 1997) ..............................................................................3

Shain v. Ctr. for Jewish History, Inc.,
    418 F.Supp.2d 360 (S.D.N.Y. 2005) ...............................................................19

Slay v. Target Corp.,
    No. 11-CV-2704, 2011 U.S. Dist. LEXIS 82515 (S.D.N.Y. July 20, 2011)...5, 6, 8

Taddeo v. L.M. Berry & Co.,
    526 Fed. Appx. 121 (2d Cir. 2013).....................................................................3

Villarin v. Rabbi Haskel Loostein Sch.,
    96 A.D.3d 1 (1st Dep't 2012) ...........................................................................14

Walsh v. N.Y.C Housing Auth.,
    828 F.3d 70 (2d. Cir. 2016) .....................................................................4, 15, 20

Weinstock v. Colombia Univ.,
    224 F.3d 33 (2d Cir. 2000) ...................................................................................9

Whidbee v. Garzarelli Food Specialties, Inc.,
    223 F.3d 62 (2d Cir. 2000) .................................................................................20

Williams v. New York City Housing Authority,
    61 A.D.3d 62 (1st Dep't 2009) ...............................................................21, 22, 24

Winston v. Verizon Servs. Corp.,
    633 F.Supp.2d 42 (S.D.N.Y. 2009) .....................................................................12

Yang v. Navigators Grp., Inc.,
    2016 WL 7436485, at *1 (2d Cir. Dec. 22, 2016) .................................................15

See Yun Yu Chen v. Holder,
    311 Fed.Appx.459 (2d Cir. 2009)........................................................................24

## PRELIMINARY STATEMENT

Plaintiff Ruth Duarte ("Plaintiff"), a disabled Hispanic female, seeks redress after she was subjected to unlawful discrimination and retaliation at the hands of her employer, Defendant herein. Specifically, Plaintiff commenced employment at St. Barnabas Hospital (hereinafter "Defendant" or the "Hospital") in or around 2007 as a Clinician. Over the course of her seven-year tenure, Plaintiff was subjected to repeated discriminatory comments, harsh, unwarranted, and disproportionate discipline, and a hostile work environment by her immediate supervisors, Edgardo Quinones ("Quinones") and Milagros Arce-Tomala ("Arce"). Making matters worse, when Plaintiff objected to Defendant's unlawful and unethical mandates which compromised the integrity and effectiveness of the Hospital's treatment for patients, and amounted to fraud upon the State of New York, Plaintiff was met with fierce retaliation and eventually terminated for standing against Defendant. Accordingly, Plaintiff brought the instant matter alleging employment discrimination, and retaliation in violation of the New York State Human Rights Law ("SHRL"), the New York City Human Rights Law ("CHRL"), Title VII of the Civil Rights Act of 1964 ("Title VII"), the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act of 1990 ("ADA"), and New York Labor Law Section 740/741[1].

Unsurprisingly, Defendant categorically denies any wrongdoing and brings the instant motion seeking summary dismissal of Plaintiff's Complaint. Plaintiff respectfully submits this

---

[1] Plaintiff notes that she also alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for Defendant's failure to pay her overtime and straight pay wages throughout her tenure as a clinician at the Hospital. (Def. Ex. 4 ("Compl.") at p. 15). On or about August 24, 2016, Plaintiff joined as an opt-in Plaintiff in the collective action Khansari et al v. St. Barnabas Hosp., No. 15-CV-1803 (the "Collective Suit"). (Def. Ex. 22). Although Plaintiff originally intended to withdraw as an opt-in Plaintiff in the Collective Suit, after further discussions with counsel, Plaintiff has decided to remain as an opt-in Plaintiff in the Collective Suit. Accordingly, Plaintiff withdraws all claims for overtime and straight time wages under the FLSA and NYLL herein, and shall pursue such claims solely in the Collective Suit.

1

memorandum of law in opposition to Defendant's Motion for Summary Judgment and avers that, for the reasons set forth in detail below, Defendant's Motion should be denied in its entirety and this matter set down for trial.

## STATEMENT OF FACTS

Plaintiff respectfully refers the Court to Plaintiff's Counter Statement of Material Facts pursuant to Local Rule 56.1, the Defendant's Statement pursuant to Local Rule 56.1, where not disputed, the Declaration of Megan S. Goddard, and all exhibits annexed thereto for a full recitation of the facts relevant to the determination of this motion.

## ARGUMENT

The Second Circuit has ruled that the granting of a motion for summary judgment is a drastic remedy, which must be used "sparingly." Gallo v. Prudential Residential Serv., 22 F.3d 1219 (2d Cir. 1994). The burden is on the moving party to establish the absence of any material factual issues. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). In making this determination, the court "must resolve all ambiguities, credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment, and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp., 484 F.3d 184 (2d Cir. 2007). A fact is "material" if it is one that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

2

In reviewing such a motion, "the judge must ask . . . not whether . . . the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Jeffreys v. City of New York, 426 F.3d 549 (2d Cir. 2005). "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996). If there are any doubts as to the existence of a triable issue of fact or if a material issue of fact is arguable, summary judgment must be denied. Jaroslawicz v. Seedman, 528 F.2d 727, 731 (2d Cir. 1975).

The Second Circuit has cautioned that "[w]here an employer acted with discriminatory intent, direct evidence of that intent will only rarely be available, so affidavits and depositions must be carefully scrutinized for circumstantial proof which, if believed, would show discrimination." Taddeo v. L.M. Berry & Co., 526 Fed. Appx. 121, 122 (2d Cir. 2013). For this reason, the Second Circuit has repeatedly cautioned against granting summary judgment in employment discrimination cases because the employer's intent is often at issue and is difficult to determine. Schwapp v. Town of Avon, 118 F.3d 106, 110 (2d Cir. 1997). Indeed, "in the context of employment discrimination cases, summary judgment is 'ordinarily inappropriate' because the allegations therein require exploration into an employer's motivation and intent for an employment decision." Pealo v. AAF McQuay, Inc., 140 F.Supp.2d 233, 236 (N.D.N.Y. 2001)(quoting Griffin v. Ambika Corp., 103 F.Supp.2d 297, 306 (S.D.N.Y. 2000)); Brierly v. Deer Park Union Free Sch. Dist., 359 F.Supp.2d 275, 289 (E.D.N.Y. 2005)(Opining that "[s]ummary judgment … should be granted with caution in employment discrimination cases").

For the reasons set forth below, Defendant's motion should be denied in its entirety.

3

## POINT I
## THE COURT MUST ANALYZE PLAINTIFF'S DISCRIMINATION AND HOSTILE WORK ENVIRONMENT CLAIMS UNDER A TOTALITY OF THE CIRCUMSTANCES ANALYSIS

Recently, in Walsh v. N.Y.C Housing Auth., the Second Circuit emphasized that employment discrimination cases must be analyzed under the totality of the evidence and that "no one piece of evidence need be sufficient, standing alone, to permit a rational finder of fact to infer that defendant[s'] employment decision was more likely than not motivated in part by discrimination." 828 F.3d 70, 76 (2d. Cir. 2016). Specifically, in Walsh, the Second Circuit determined that three pieces of evidence, while insufficient on their own to raise an inference of discrimination, had to be considered together and, when considered together, were sufficient to carry plaintiff's burden under the McDonnell Douglass framework. Id. In reaching this decision, the Second Circuit opined that, much like a jury would, the court had to view the record as a whole, rather than in piecemeal, to determine whether the plaintiff had met his or her burden. Id.

Here, as demonstrated below, the record is replete with evidence, both testimonial and documentary, that when taken together, as required under Walsh, at a minimum raise a question of fact precluding summary judgment.

## POINT II
## PLAINTIFF'S DISCRIMINATION AND RETALIATION CAUSES OF ACTION SHOULD NOT BE DISMISSED

### A. Plaintiff's Discrimination Claims are not Barred by the Election of Remedies Provision Under New York Labor Law § 740.

Defendant argues that Plaintiff's discrimination claims are barred by the Election of Remedies Provision under New York Labor Law §§ 740/741. In making such an argument,

4

Defendant ignores the growing body of case law that recognizes that the waiver provisions of Labor Law § 740 should be narrowly construed so as not to bar claims of employment discrimination.  As such, Defendant's argument must be rejected.

A majority of federal courts that have considered the question have held that the § 740 waiver provision "'waives only other legal rights and remedies that protect against the same wrong that the statute itself prohibits'... 'protecting the rights of employees who report violations of law that present a danger to public health or safety.'" Barber v. Von Roll U.S.A., Inc., No. 14-CV-907, 2015 U.S. Dist. LEXIS 112198 at *16 (N.D.N.Y. August 25, 2015)(quoting Barker v. Peconic Landing at Southold, Inc., 885 F. Supp. 2d 564, 569 (E.D.N.Y. 2012)(quoting Collette v. St. Luke's Roosevelt Hosp., 132 F. Supp. 2d 256, 267 (S.D.N.Y. 2001). See also, Magnotti v. Crossroads Healthcare Mgmt., LLC., No. 14-CV-6679, 2015 U.S. Dist. LEXIS 118194 (E.D.N.Y. Sept. 3, 2015); Kapner v. Riverside Wine & Liquor, Inc., No. 09-CV-6565, 2011 U.S. Dist. LEXIS 125014 (W.D.N.Y. Oct. 28, 2011); Slay v. Target Corp., No. 11-CV-2704, 2011 U.S. Dist. LEXIS 82515 (S.D.N.Y. July 20, 2011); Kramsky v. Chetrit Grp., LLC., No. 10-CV-2638, 2010 U.S. Dist. LEXIS 121351 (S.D.N.Y. Nov. 16, 2010).

Under such a construction, discrimination claims are not waived by the pleading of a Labor Law § 740 claim.  As the court stated in Barker v. Peconic Landing at Southold, Inc.,

> [T]he issue is whether Plaintiff's disability discrimination claims protect against the same wrongs that Section 740 prohibits. The court holds that they do not. Specifically, the Human Rights Law seeks to "encourage programs designed to ensure that every individual shall have an equal opportunity to participate fully in the economic, cultural and intellectual life of the state; to encourage and promote the development and execution by all persons within the state of such state programs," and to "eliminate and prevent discrimination" in a variety of activities, including employment. Similarly, the ADA is "designed to combat discrimination against

5

persons with disabilities in every area of public life." The whistleblower statute, on the other hand, is aimed at protecting the rights of employees who report violations of law that present a danger to public health or safety. Because the anti-discrimination statutes seek to protect against wrongs completely separate from those sought to be protected by Section 740, there is no waiver of any such claims. 885 F. Supp. 2d 564, 569 (internal citations omitted).

Similarly, the court in Slay v. Target Corp., distinguished between plaintiff's claim that he was terminated because of race discrimination and an earlier claim of violation of Labor Law §740 following his report that a co-worker locked two employees in the freezer. Specifically, the court opined:

> Finally, in any event, whatever the tenor of plaintiff's alleged report to company officials, he is not alleging that he was terminated for reporting a health-and-safety violation, but rather because of both his race and his complaint about racial discrimination on the part of the senior store managers. These concerns do not mirror the focus of section 740 and hence take this claim outside the realm of the waiver provision… Indeed, plaintiff's allegations supporting his claims under the State and City anti-discrimination laws target the behavior of the supervisors well before the freezer incident — alleging a pattern of harm that amounted to a hostile work environment — and are plainly focused on the notion that this conduct was racially motivated. Since plaintiff is invoking protections against such discrimination, the concerns of section 740 about public health and safety are not implicated, and the independent policies underlying the anti-discrimination statutes preclude dismissal on the basis cited by defendant. Slay v. Target Corp., No. 11-CV- 2704, 2011 U.S. Dist. LEXIS 82515 at *13-14 (S.D.N.Y. July 20, 2011).

The narrow interpretation of Labor Law §740's waiver provision is especially important when the rights that would potentially be barred are rights under the CHRL. As the court stated in Cabrera v. Fresh Direct, LLC., No. 12-CV-6200, 2013 U.S. Dist. LEXIS 121956, at *8-9 (E.D.N.Y. Aug. 27, 2013):

6

> The purpose of the NYCHRL is to protect persons working in New York City against discriminatory employment actions based upon protected classifications such as gender or disability. Section 740 'is aimed at protecting the rights of employees who report violations of law that present a danger to public health or safety.' Because the two causes of action seek to remedy separate wrongs, [a] literal reading of [Section 740's waiver provision] would dictate the absurd result that 'when an employee brings a whistleblower suit, all concurrent or future lawsuits brought by that employee, in any capacity whatsoever, are waived.

Here, Plaintiff's whistleblower claims under N.Y. Labor law §§ 740/741 are *not* based on the exact same facts surrounding her discrimination claims. Indeed, Plaintiff bases her whistleblower claims upon her repeated complaints of unethical and unlawful actions with respect to the Hospital's billing practices and treatment of patients, while her discrimination claims, as discussed *infra*, are based on entirely separate sets of circumstance, including comments regarding Plaintiff's hearing disability and race/national origin, the Hospital's failure to provide Plaintiff with a reasonable accommodation[2], and instances of disparate treatment and disparate discipline as compared to her similarly situated male and Caucasian colleagues. Accordingly, Plaintiff has not waived her right to bring separate causes of action under the discrimination laws and Labor Law §§ 740/741.

---

[2] Plaintiff notes that she voluntarily withdrew her failure to accommodate claims as untimely, which withdrawal was confirmed by order dated November 22, 2016. (Dkt. No. 45). Even though Plaintiff's failure to accommodate claims were untimely, they may still be considered by the court in determining Plaintiff's timely discrimination claims. See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002)("The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. *Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim*")(emphasis added); Philip v. City of New York, 2012 WL 1356604, at *6 (E.D.N.Y. 2012)("The other alleged discriminatory acts (e.g., derogatory gestures and disparate treatment) though not actionable in themselves, may nevertheless be cited as evidence in support of plaintiff's timely claim (for example, as evidence of pretext) even if they fall outside the statute of limitations"); Flynn v. N.Y. State Div. of Parole, 620, F.Supp.2d 462, 483 (S.D.N.Y. 2009).

7

Even if, arguendo, Plaintiff's discrimination claims are barred by the waiver provision of § 740, which they are not, a majority of courts in the Second Circuit, citing constitutional concerns, cf. U.S. Cont. art. VI, cl. 2, have routinely recognized that the waiver provision does not affect a plaintiff's causes of action under federal law. See Humphrey v. RAV Investigative & Security Srvs. Ltd., 169 F.Supp.3d 489, 501 (S.D.N.Y. 2016)(finding the waiver provision of § 740 did not waive plaintiff's federal FLSA claims); Malanga v. NYU Langone Med. Ctr., 2015 WL 7019819, at *3 (S.D.N.Y. Nov. 12, 2015)(declining to read § 740(7) to preclude False Claims Act claim because it would be "seemingly incongruous" with the Supremacy Clause); Hettler v. Entergy Enters., Inc., 15 F.Supp.3d 447, 451-53 (S.D.N.Y. 2014)(following the "canon of constitutional avoidance and declin[ing] to interpret Section 740(7) as supplanting claims arising under federal law"); Slay v. Target Corp., 2011 WL 3278918, at *4 (S.D.N.Y. July 20, 2011)(inferring that Whistleblower Law "does not purport to reach" federal claim "as a means of avoiding a serious potential constitutional defect in the state enactment"); Kramsky v. Chetrit Grp., LLC, 2011 WL 2326920, at *6 n. 6 (S.D.N.Y. June 13, 2011); cf. Collette v. St. Luke's Roosevelt Hosp., 132 F.Supp.2d 256, 265–67, 268 n. 8 (S.D.N.Y.2001)(leaving open whether election of a Whistleblower Law action waived federal rights but noting that "the policy of constitutional avoidance weighs heavily in favor of seeking sensible alternatives to any construction of the Act which would require automatic waiver of the plaintiff's federal rights").

Accordingly, the most that Plaintiff has waived, if she has waived any claims at all, are her claims under the SHRL and CHRL, and Plaintiff may proceed with her claims under the applicable federal laws. Therefore, Defendant's argument must be rejected and summary judgment should be denied.

**B. Plaintiff Has Established Her *Prima Facie* Case of Discrimination.**

To establish her *prima facie* case of discrimination under the SHRL, the ADA, and Title VII, Plaintiff must demonstrate that: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she was subjected to an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. Weinstock v. Colombia Univ., 224 F.3d 33, 42 (2d Cir. 2000). Notably, Plaintiff's "burden of proof in a discrimination action is *de minimis* at the *prima facie* stage." Quarantino v. Tiffany & Co., 71 F.3d 58, 65-66 (2d Cir. 1995). See also Graham v. Long Island R.R., 230 F.3d 38, 40 (2d Cir. 2000)("The burden a plaintiff, alleging that [s]he was discriminated against by [her] employer, carries to survive a summary judgment motion at the *prima facie* stage is a minimal one").

In contrast, Plaintiff's burden under the CHRL is significantly more lenient. It is well settled that the CHRL is expressly more protective than the SHRL and parallel federal law. Pryor v. Jaffe & Asher, LLP., 992 F.Supp.2d 252, 259 (S.D.N.Y. 2014). Thus, the Court must "analyze Plaintiff's NYCHRL claims separately and independently from any federal and state law claims." Hernandez v. Kaisman, 103 A.D.3d 106 (1st Dep't 2012). As the Second Circuit, has made clear, the provisions of the CHRL are to "be construed liberally … regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded … have been so construed." Mihalik v. Credit Agricole Cheureux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013). Even if a claim fails under comparable federal or state law, it may still pass muster under the CHRL. Hernandez v. Kaisman, 103 A.D.3d at 106 (finding that plaintiff's failure to state a claim for retaliation under the SHRL did "not dispose of the question whether plaintiffs' City HRL claim is still viable"). Thus, to establish a claim of discrimination under the CHRL, Plaintiff

9

"need only show differential treatment – that she is treated less well – because of a discriminatory intent." Pryor v. Jaffe & Asher, LLP., 992 F.Supp.2d at 257. See also, Mihalik v. Credit Agricole Cheureux N. Am., Inc., 715 F.3d at 110.

Here, Defendant argues that Plaintiff has not established a *prima facie* case of race/national origin and/or gender discrimination because Plaintiff has not deduced evidence that she was subjected to any adverse employment action[3] giving rise to an inference of discrimination. Defendant's argument must be rejected.

The standard used to establish an inference of discrimination is a "flexible [one] that can be satisfied differently in differing factual scenarios." Ellis v. Century 21 Dep't Stores, 975 F.Supp.2d 244, 271 (E.D.N.Y. 2013). Indeed, "no one particular type of proof is required to show that [the adverse employment action] occurred under circumstances giving rise to an inference of discrimination." Ellis v. Century 21 Dep't Stores, 975 F.Supp.2d at 271. Further, in determining whether an inference of discrimination exists, "'the court must be alert to the fact that employers are rarely so cooperative as to include a notation in the personnel file' that their actions are motivated by factors expressly forbidden by law.'" Quinby v. WestLB AG, 2007 WL 1153994, at *6 (S.D.N.Y. April 19, 2007)(quoting Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir.

---

[3] It is not entirely clear whether Defendant argues that Plaintiff has not established the third element in her *prima facie* case – that she was subject to an adverse employment action. To the extent Defendant does argue this, such position must be rejected. It is axiomatic that termination of employment constitutes an adverse employment action. See Pal v. New York Univ., 2010 WL 289305, at *4 (S.D.N.Y. Jan. 25, 2010)(noting dismissal from employment constitutes a "retaliatory action"). Here, it is undisputed that the Hospital terminated Plaintiff's employment effective August 6, 2014, and was therefore subject to an adverse employment action. Moreover, it is well-settled that a hostile work environment constitutes an adverse employment action. See Amtrak v. Morgan, 536 U.S. 101, 117 (2002)("As long as the employer has engaged in enough activity to make out an actionable hostile work environment claim, an unlawful employment practice has occurred"); Grosso v. Queens College, 2004 WL 583767, at *5 (S.D.N.Y. Mar. 23, 2004)("An adverse employment action can take the form of a hostile work environment"). As set forth in Point II, *infra*, Plaintiff has established a viable hostile work environment claim and, when the entire record is viewed in totality, Plaintiff has established that she was subjected to an adverse employment action and has satisfied the third prong of her *prima facie* case of discrimination.

1994)).  Therefore, most plaintiffs must rely upon circumstantial evidence.  See Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

Defendant's continued discriminatory remarks towards Plaintiff raise an inference of discrimination sufficient to defeat summary judgment.  It is well settled that "actions or remarks made by decisionmakers that could be viewed as reflecting discriminatory animus may give rise to an inference of discriminatory motive." Gregory v. Daly, 243 F.3d 687, 697 (2d Cir. 2001)(citing Chertkova v. Connecticut General Life Ins. Co., 92 F.3d 81, 91 (2d Cir. 1996)(internal quotation marks omitted))). Here, Plaintiff attested to numerous comments by Quinones regarding her hearing disability and national origin including but not limited to: repeatedly being called "deaf" in front of her co-workers, being mocked for her accent and told to go back to school because her English was not good enough, being called an "immigrant" and being mocked for her immigration status, being told to go back to Ecuador, and being mocked for her disability and status as a victim of domestic violence. Further, Plaintiff testified that she was discriminatorily assigned female patients because Defendant wanted to protect male clinicians from being enticed by women patients. Moreover, Plaintiff testified to at least one Caucasian comparator who, although engaged in the same alleged infractions, was not immediately disciplined as Plaintiff was. Indeed, upon information and belief, the Caucasian worker was not disciplined at all until the union became involved.

Further, Plaintiff has undoubtedly established her discrimination claims under the less burdensome CHRL standard.  Preliminarily, it is well-settled that a plaintiff who sufficiently states a claim of discrimination under the SHRL, also establishes a claim for discrimination under the CHRL. See Pryor, at 260 (finding plaintiff stated a claim under the CHRL because she adequately

11

pled a claim under the SHRL); Winston v. Verizon Servs. Corp., 633 F.Supp.2d 42, 48 (S.D.N.Y. 2009)("[I]f a plaintiff successfully states a claim under the NYSHRL, then *a fortiori* she has stated a claim under the NYCHRL").  As discussed *supra*, Plaintiff has clearly stated viable claims of discrimination under the SHRL and applicable federal law. Accordingly, Plaintiff has established her discrimination claims under the CHRL and Defendant's Motion for Summary Judgment should be denied.

Even if Plaintiff has not established her claims under the SHRL and federal standards (which she has), she has indisputably satisfied the standard for discrimination and harassment under the lower legal threshold governing cases brought under the CHRL. Specifically, the record demonstrates that Plaintiff: (i) was subjected to harsher, more frequent, and more immediate discipline than her comparators; (ii) was subjected to clearly discriminatory comments about her disability and national origin including comments that she was "deaf", remarks about her immigration status, and comments that she should go back to Ecuador; and (iii) discriminatorily assigned patients. When viewed cumulatively, Plaintiff undoubtedly satisfied her lesser burden under the CHRL where "even a single comment … can be actionable." Mihalik v. Credit Agricole Cheureux N. Am., Inc., 715 F.3d 102, 111 (2d Cir. 2013).

Accordingly, Plaintiff has established her burden under the applicable federal, state, and city laws and Defendant's Motion for Summary Judgment should be denied.[4]

---

[4] Defendant's contention that Plaintiff cannot show an inference of discrimination because Arce and Quinones hired Plaintiff, thus invoking the "same actor" doctrine must be rejected. Indeed, it is well settled that the same actor defense is not dispositive. See Benedith v. Malverne Union Free Sch. Dist., 38 F.Supp.3d 286, 319 (E.D.N.Y. 2014)(quoting Memnon v. Clifford Chance US, LLP., 667 F.Supp.2d 334, 351 (S.D.N.Y. 2009)("Even at the summary judgment stage of litigation, 'the same-actor inference is permissive, not mandatory, and even if the same individuals made both decisions, the Court would not be compelled to give [the defendant] the benefit of the inference'").

**C.  At a Minimum, a Question of Fact Exists Precluding Summary Judgment on Plaintiff's Whistleblower Retaliation Claims.**

Defendant argues that Plaintiff's whistleblower retaliation claims under New York Labor Law §§ 740/741 should be dismissed because (i) there is no evidence Plaintiff engaged in any protected activity that Defendant was aware of and (ii) Plaintiff has failed to show a causal connection to any retaliatory acts. Defendant's arguments must be rejected.

**i.      Plaintiff Engaged in Protected Activity**

Plaintiff engaged in protected activity when she repeatedly complained of the Hospital's unethical and unlawful mandates with regard to treating patients and billing for false sessions. For starters, Defendant categorizes Plaintiff's complaints as merely those regarding fraudulent billing and argues that since fraudulent billing does not pose a danger to public health or safety, Plaintiff's complaints do not constitute protected activity. This argument misses the mark.  While Courts have held that complaints of *only* fraudulent billing do not constitute protected activity, (See Chin v. Chinatown Manpower Project, No. 11-CV-5270, 2014 U.S. Dist. LEXIS 72573, at *35-36 (S.D.N.Y. May 23, 2014)), it is well settled that complaints of "illegal economic or financial activities" may fall within the statutory protection of NYLL 740 where "the illegal activity concomitantly creates 'substantial and specific danger to the public health and safety.'" Villarin v. Rabbi Haskel Loostein Sch., 96 A.D.3d 1, 5 (1st Dep't 2012).  Here, Plaintiff's retaliation claims are based not only on her objection to fraudulent billing practices but also on her objections to the Hospital's direction that she performed services for patients which would not benefit the patients for the sole purpose of billing specific sessions to get more reimbursement for the Hospital.  In essence, Plaintiff objected to the Hospital's unlawful and unethical billing practices and also to the administration of wrong therapeutic mental health services to patients in the Hospital's charge, an

13

act which a reasonable jury could find posed a danger to the public health and safety, or at least posed a danger to the health and safety the patients of the Reverend David Casella Children's Services Program. See Villarin v. Rabbi Haskel Loostein Sch., 96 A.D.3d at 7 (noting that "there is no requirement that there be a ... *large-scale* threat, or multiple potential or actual victims[;] ... rather a threat to any member of the public might well be deemed sufficient" to trigger a "substantial and specific danger to the public health and safety").

Further, while Defendant makes much ado about the written grievance mentioned in Plaintiff's Complaint, going so far as to call it the "centerpiece" for Plaintiff's whistleblower retaliation claims, Defendant's energy is entirely wasted. It is well-settled that "the New York Labor Law's anti-retaliation provision unquestionably protects informal complaints made to an employer." Esmilla v. Cosmopolitan Club, 936 F.Supp.2d 229, 239 (S.D.N.Y. 2013)(quoting Duarte v. Tri-State Phy. Med. & Rehab., P.C., 2012 WL 2847741, at *3 (S.D.N.Y. July 11, 2012)). Here, Plaintiff repeatedly testified that she openly and continually objected to the Hospital's mandate that clinicians perform unnecessary and uncalled for services for its patients, and her supervisors' instructions to inaccurately bill for and record services so that the Hospital could be reimbursed at a higher rate. Plaintiff made these complaints to her supervisors, mainly Arce, verbally[5] on numerous occasions during her weekly supervisory meetings. Further, it cannot be argued that the Hospital was unaware of Plaintiff's complaints when Plaintiff complained directly to her supervisors and raised these same complaints during her termination hearing which was

---

[5] Plaintiff testified to such complaints at her deposition and attested to them again in her affidavit. Plaintiff's own testimony as to the communications at issue constituted admissible evidence and is sufficient to, at a minimum, raise an issue of fact precluding summary judgment. See Yang v. Navigators Grp., Inc., 2016 WL 7436485, at *1 (2d Cir. Dec. 22, 2016). See also, Danzer v. Norden Sys., Inc., 151 F.2d 50, 57 (2d Cir. 1998)(declining to hold allegations insufficient to survive summary judgment merely because they were "self-serving"); Walsh v. N.Y.C Hous. Auth., 828 F.3d 70, 80 (2d Cir. 2016).

14

attended by her supervisors Arce and Quinones, as well as Marc Wolf, the Hospital's then Director of Human Resources Accordingly, Plaintiff engaged in protected activity under the New York Labor Law and Defendant's Motion for Summary Judgment should be denied. <u>See</u> <u>Barturen v. Wild Edibles, Inc.</u>, 2007 WL 4468656, at *5 (S.D.N.Y. Dec. 18, 2007) (plaintiff's oral complaint to supervisor suffices).

    ii.    **Plaintiff Has Established a Causal Connection Sufficient to Defeat Summary Judgment on her Whistleblower Retaliation Claims**

Defendant argues that Plaintiff's whistleblower retaliation claims further cannot withstand summary judgment because Plaintiff has not established a causal connection between her repeated complaints and any retaliatory actions. Defendant's argument should be rejected.

Preliminarily, it should be noted that it is not Plaintiff's burden to show a causal connection when establishing her whistleblower retaliation claim. <u>See</u> <u>Pal v. New York Univ.</u>, 2010 WL 289305, at *4 (S.D.N.Y. Jan. 25, 2010). Indeed, the NYLL provides that "it shall be a **defense** that the personnel action was predicated upon grounds other than the employee's exercise of any rights protected by this section." N.Y. Lab. Law § 741(5)(emphasis added). In the context of construing a substantially identical provision in NYLL § 740, which prohibits similar retaliatory employment actions outside the patient care context, it has been noted that "the affirmative defense afforded employers under Section 740(4)(c) indicates that the burden of proof lies with the **employer** to show a lack of causal connection between the employee's protected conduct and the employer's adverse personnel action." <u>Noble v. 93 Univ. Place Corp.</u>, 303 F.Supp.2d 365, 374 (S.D.N.Y. 2003)(emphasis added).

15

The temporal proximity between Plaintiff's termination and her repeated complaints is sufficient to raise a question of fact precluding summary judgment. Courts recognize that most retaliation "is not carried out so openly as to provide direct proof of it." Sanders v. New York City Human Res. Admin., 361 F.3d 749, 755 (2d Cir. 2004). Thus, Plaintiff's burden is "a light one, usually demanding only that the protected activity preceded the adverse action in order to satisfy the causation requirement." Raniola v. Bratton, 243 F.3d 610, 624 (2d Cir. 2001). The Second Circuit "has not established a specific delay between protected activity and adverse employment action that defeats an inference of causation." Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free School Dist., 411 F.3d 306, 314 (2d Cir. 2005). However, Courts have held that as long as fourteen months is sufficient to raise an inference of causation thus precluding summary judgment. See Raniola v. Bratton, 243 F.3d at 624.

Here, Plaintiff testified that she began to object to Defendant's unlawful and unethical practices after Part 599 was amended in 2012. Thereafter, as Defendant's own evidence demonstrates, Plaintiff became the target of multiple disciplinary actions including written and verbal warnings, and a two-day suspension. Indeed, Plaintiff went so far as to complain of retaliation to Patricia Small, Defendant's former Program Manager in July 2014 but to no avail. Thereafter, in or around July 2014, Plaintiff's employment was terminated for an alleged infraction which the Hospital administration directed her to perform and which, as the Hospital knew, was based on circumstances that regularly occurred and/or were condoned by Quinones and Arce. Even after Plaintiff's termination, at her grievance hearing, Plaintiff *again* complained of Defendant's unlawful and unethical practices but still to no avail. Just a mere couple of days after Plaintiff's complaints at the hearing, Plaintiff's termination was affirmed and, upon information and belief,

16

no investigation into her complaints was ever conducted. Clearly, the temporal proximity between Plaintiff's complaints, her subsequent disciplines, and her termination (and the affirmation thereof) raises, at a minimum, an issue of fact precluding summary judgment. See Espinal v. Goord, 558 F.3d 119, 129 (2d. Cir. 2009) (six month temporal gap between protected activity and adverse action sufficient for finding of causal connection); Gorman-Bakos v. Cornell Coop. Extension, 252 F.3d 545, 554 (2d Cir. 2001) (five month gap); Grant v. Bethlehem Steel Corp., 622 F.2d 43, 45-46 (2d Cir. 1980) (eight month gap); Salazar v. Bowne Realty Associates, LLC, 796 F.Supp.2d 378, 385 (E.D.N.Y. 2011) (eight month gap.); Leung v. New York Univ., 2010 WL 1372541, at *6 (S.D.N.Y. March 29, 2010) (ten month gap). See also Rodriguez v. City of N.Y., 644 F.Supp.2d 168, 192 (E.D.N.Y. 2008) (finding a causal connection between plaintiff's protected activity and subsequent termination even where suggestion to terminate plaintiff occurred before plaintiff's EEOC complaint was submitted).

### D. Defendant's Purported Justification for Terminating Plaintiff's Employment is a Mere Pretext

Once the plaintiff establishes her *prima facie* case, the burden switches to the defendant to articulate nondiscriminatory reasons for the adverse employment action. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). If the defendant satisfies its burden, the burden simply switches back to the plaintiff, who can prevail if she proves the defendant's proffered reasons are pretextual. McDonnell Douglas Corp. v. Green, 411 U.S. at 804. For purposes of this motion only, Plaintiff assumes that Defendant's proffered reason for terminating Plaintiff's employment is sufficient to carry the Hospital's minimal burden. The evidence presented, however, demonstrates that the reason offered by Defendant is pretextual.

17

It is well-settled that Plaintiff need not show that the employer's proffered reasons are false or that they did not play a role in the employment decision.  Rather, Plaintiff only needs to show that those were not the *only* reasons, and that the discriminatory or retaliatory motive played *some* role in the decision. Holcomb v. Iona Coll., 521 F.3d 130, 137 (2d Cir. 2008) (emphasis added). In proving pretext, a plaintiff may rely upon the same evidence that comprised her prima facie case, without more. Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 203 (2d Cir. 1995).  Nevertheless, Defendant contends that Plaintiff cannot show pretext because she admitted to the alleged falsification of patient records at her deposition.  Defendant's argument should be rejected.

It is well settled that "evidence of pretext. . . might include lesser disciplinary action taken against similarly situated co-workers for similar workplace policy violations." Satterfield v. United Parcel Serv., Inc., 2003 WL 22251314, at *15 (S.D.N.Y. Sept. 30, 2003); Ramos v. Marriot Intern, Inc., 134 F.Supp.2d 328, 345 (S.D.N.Y. 2001)(finding that the "more favorable treatment of similarly situated male employees is sufficient to create a triable issue as to pretext"); Graham v. Long Island R.R., 230 F.3d 38, 40 (2d Cir. 2000)(a plaintiff can show discriminatory intent by presenting facts which show that a similarly situated employee outside of his or her protected class was not disciplined in the same manner for similar misconduct).

Here, the record shows that clinicians were instructed to "fix" or "play" with the time on patient records so that they could bill for more individual sessions and more patients each day. This conduct was condoned and even mandated by the Hospital's administration, including Quinones and Arce. Moreover, the record demonstrates that the Laser Arc report used to justify Defendant's allegations was commonly in contrast to patient records as patients often were not registered at the time they entered the Hospital and were often not yet registered at the time they

18

were treated by a clinician. Accordingly, Defendant knew that the clinicians were falsifying patient records and chose to selectively discipline Plaintiff, the clinician who stood up and objected to their practices. Further, Plaintiff testified to at least one other comparator, Katie Naab, a Caucasian female, who was not as harshly or swiftly disciplined for incurring the same alleged infractions Defendant went after Plaintiff for with fervor.

Viewing the evidence in the light most favorable to Plaintiff, a reasonable fact-finder could conclude that Defendant's proffered justification for terminating Plaintiff's employment was mere pretext. Indeed, it should be noted that, "the issue of pretext is 'ordinarily for the jury to decide at trial rather than for the judge to determine on a motion for summary judgment." Shain v. Ctr. for Jewish History, Inc., 418 F.Supp.2d 360, 366 (S.D.N.Y. 2005). As such, Defendant's Motion for Summary Judgment regarding Plaintiff's discrimination and retaliation claims should be denied.

## POINT III
## PLAINTIFF HAS ESTABLISHED A VIABLE HOSTILE WORK ENVIRONMENT CLAIM

Generally, in order to establish a hostile work environment under Title VII, the ADA, and the SHRL, a plaintiff must show that (1) she is a member of a protected class; (2) she experienced unwelcome harassment; (3) the harassment was based on her membership in the protected class; and (4) the harassment was severe **or** pervasive enough to create a hostile work environment. Ewing v. Coca Cola Bottling Co. of N.Y., Inc., 2001 WL 767070, at *7 (S.D.N.Y. June 25, 2001)(emphasis added). Notably, "the fact that the law requires harassment to be severe or pervasive before it can be actionable does not mean that employers are free from liability in all but the most egregious cases." Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 70 (2d Cir.

19

2000).  Indeed, the work environment does not need to be deemed "unendurable" or "intolerable" in order to be deemed "hostile," and the Second Circuit has "repeatedly cautioned against setting the bar too high."  Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d at 70.  On a motion for summary judgment, the question for the court is simply whether a reasonable fact-finder could conclude, considering all the circumstances, "that the harassment is of such quality or quantity that a reasonable employee would find the conditions of her employment altered for the worse." Whidbee, at 70.  Even where multiple actions taken by an employer are not individually sufficient to create a hostile working environment, "an accumulation of seemingly minor incidents" may combine to satisfy the standard.  Phillips v. Bowen, 278 F.3d 103, 109 (2d Cir. 2002); Walsh v. N.Y.C Housing Auth., 828 F.3d 70 (2d. Cir. 2016).

Further, to establish a discriminatory hostile work environment claim under the CHRL, a plaintiff "need only show differential treatment – that is she is treated less well – because of a discriminatory intent," (Pryor, at 257), because liability under the CHRL is "determined by the existence of unequal treatment."  Bermudez v. City of N.Y., 2011 WL 1218406, at *12 (S.D.N.Y. March 25, 2011).  Under this more liberal standard, "even a single comment … can be actionable." Mihalik, at 111.

Moreover, in Williams v. New York City Housing Authority, 61 A.D.3d 62, 76-78 (1st Dep't 2009), the First Department, recognizing the CHRL's "uniquely broad and remedial purposes, which go beyond those of counterpart State or federal civil rights laws," rejected the "severe and pervasive" standard for hostile work environment claims.  Rather, "the NYCHRL imposes liability for harassing conduct that does not qualify as 'severe or pervasive,' and questions of 'severity' and 'pervasiveness' are applicable to consideration of the scope of permissible

damages, but not to the question of underlying liability." Bermudez v. City of New York, 2011 WL 1218406, at *12 (S.D.N.Y. March 25, 2011)(quoting Williams, 61 A.D.3d at 62)). Therefore, to survive summary judgment on her hostile work environment claims, Plaintiff need only adduce evidence of the existence of unwanted race/national origin, disability, or gender based conduct, because liability under the CHRL is "determined by the existence of unequal treatment." Bermudez v. City of New York, 2011 WL 1218406, at *12.

Here, Defendant argues that Plaintiff has alleged nothing more than "petty slights and stray remarks" in support of her hostile work environment claims and, therefore, such claims must be dismissed. Defendant is wrong. As discussed at length, *supra*, a reasonable jury could find that the numerous instances of discrimination and harassment Plaintiff endured at the hands of Defendant was sufficiently severe or pervasive to alter the terms and conditions of her employment for the worse. To briefly reiterate, Plaintiff testified to numerous instances wherein she was treated less-well than her non-Hispanic, non-disabled, and male colleagues throughout her tenure including, among other things: (i) being subjected to repeated offensive and discriminatory remarks such as being called an "immigrant," being told to go back to Ecuador, being called deaf, and being mocked for her status as a victim of domestic violence; (ii) enduring harsher and more immediate discipline for the same or substantially the same infractions; and (iii) repeatedly publicly humiliated in from of her colleagues. This rude, harassing behavior occurred on a regular basis. Adding insult to injury, when Plaintiff complained about such issues, Defendant deliberately ignored her complaints even though Defendant knew, or should have known, that Plaintiff was the victim of ongoing and blatant discrimination and harassment. When viewed cumulatively, the

frequency and severity of the harassment was such that it materially altered Plaintiff's work environment for the worse.

The conduct complained of by Plaintiff goes far beyond petty slights and trivial inconveniences. As the Second Circuit has noted, there is a "broad range of conduct" that falls between the federal standard (severe and pervasive) and a petty slight or trivial inconvenience. See Williams, at 41. Moreover, under the CHRL, "a defendant's claim that the harassing conduct was a "'petty slight or trivial inconvenience'" is an affirmative defense. Therefore, summary judgment is available only when the employer "'can prove that the alleged discriminatory conduct in question does not represent a 'borderline' situation but one that could only be reasonably interpreted by a trier of fact as representing no more than petty slights or trivial inconveniences.'" Phillip v. Gtech Corp., 2016 WL 3959729, at *12 (S.D.N.Y. July 20, 2016)(quoting Williams, at 41)). See also, Mihalik, 715 F.3d at 114.

Here, Defendant has failed to show that the repeated offensive and discriminatory comments and behavior of Plaintiff's supervisor "does not represent a 'borderline' situation but one that could only be reasonably interpreted by a trier of fact as representing no more than petty slights or trivial inconveniences" Phillip v. Gtech Corp., 2016 WL 3959729, at *25 (finding that "an African-American plaintiff's personal observation of his supervisor using [a racially derogatory term]—combined with other, secondhand evidence of racial bias—is sufficient for a reasonable jury to conclude that the plaintiff was subjected to more than mere petty slights or trivial inconveniences)(internal quotations omitted). See also, Melman v. Montefiore Med. Ctr., 98 A.D.3d 107, 946 (1st Dept. 2012)(opining that summary judgment is appropriate in NYCHRL cases only if the record establishes as a matter of law that a reasonable jury could not find the

employer liable under any theory); <u>Furfero v. St. John's Univ.</u>, 94 A.D.2d 695 (2d Dept. 2012)(same).

Finally, it should be noted that the Second Circuit has cautioned that because the issue of harassment in a hostile work environment is a "mixed question of law and fact," it is "especially well-suited for jury determination." <u>Schiano v. Quality Payroll Sys., Inc.</u>, 445 F.3d 597, 605 (2d Cir. 2006) (<u>quoting</u> <u>Richardson v. New York State Department of Corrections</u>, 180 F.3d 426, 439 (2d Cir. 1999)); <u>See also</u>, <u>Patterson v. Cnty. of Oneida, New York</u>, 375 F.3d 206, 227 (2d Cir. 2004) ("Where reasonable jurors could disagree as to whether alleged incidents of ... harassment would have adversely altered the working conditions of a reasonable employee, the issue of whether a hostile work environment existed may not properly be decided as a matter of law.") Indeed, with respect to hostile work environment claims brought under the CHRL, the First Depart6ment has cautioned that in "border-line" cases, summary judgment should generally be denied. <u>Williams</u> at 62.

For the foregoing reasons, because Plaintiff has established her hostile work environment claims under all applicable laws and standards at issue, Defendant's motion for summary judgment should be denied.


## POINT IV
## PLAINTIFF'S FMLA CLAIMS SHOULD NOT BE DISMISSED


Defendant argues that Plaintiff's FMLA claims should be dismissed as (i) Plaintiff failed to address those claims in her prior letters to the court opposing summary judgment; (ii) Plaintiff's

request was not covered protected activity; and (iii) Plaintiff's request was ultimately granted and she was paid for her time off. Defendant's arguments should be rejected.

Preliminarily, Plaintiff has not waived her claims by failing to address them in her non-binding pre-motion correspondence to the Court. While it is true that the failure to sufficiently argue an issue in a dispositive brief constitutes a waiver of the issue, (See Yun Yu Chen v. Holder, 311 Fed.Appx.459, 460 (2d Cir. 2009)), Defendant has not proffered any support that Plaintiff's prior correspondences with the Court constitute dispositive brief. In fact, the pre-motion letters submitted by Plaintiff prior to this motion are not dispositive briefs. The current pending motion *is* the dispositive brief and Plaintiff shall address her FMLA claims herein. See M.E.S., Inc. v. Liberty Mut. Sur. Grp., 2014 WL 46622, at *8 (E.D.N.Y. Jan. 6, 2014)(noting that "significantly less effort goes into a promotion conference letter than into a motion itself").

Defendant attempted to preclude Plaintiff from taking time to be with her ill brother and interfered with Plaintiff's right to leave to see her ill brother. Specifically, Plaintiff testified that she requested the time off to be with her sickly brother but her request was denied until Duarte engaged her union who forced the Hospital to grant Plaintiff's request. Accordingly, Defendant purposefully interfered with Plaintiff's right to FMLA leave.

## CONCLUSION

For the reasons set forth above, the Court should deny Defendant's Motion for Summary Judgment in its entirety.

Dated:  December 30, 2016
       New York, New York

                                        /s/
                            Megan S. Goddard, Esq.