UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUTH DUARTE,

        Plaintiff,

   - against -

ST. BARNABAS HOSPITAL,

        Defendant.

15-CV-6824 (PGG)

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE ADMISSION OF CERTAIN TESTIMONY AND DOCUMENTS

EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500
*Attorneys for Defendant*
*St. Barnabas Hospital*

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ........................................................................................1

II. APPLICABLE *IN LIMINE* PRINCIPLES .........................................................................2

III. ARGUMENT......................................................................................................................3

    A.    Certain Evidence Should Be Excluded from the Bench Trial. ............................... 3

        1.    Testimony and Evidence Related to the December 2012 Memo and the April 2013 Grievance Should Be Excluded Because These Documents Lack Probative Value and Are Prejudicial to the Hospital. ...... 3

        2.    Purported Evidence Related to the Hospital's Billing Practices Should Be Excluded.................................................................................... 5

    B.    During the Jury Trial of Her Hostile Work Environment Claims, Testimony Regarding Duarte's Allegedly Retaliatory Discipline and Termination Should Be Precluded. .......................................................................... 6

    C.    In the Jury Trial, Duarte Should Be Precluded From Testifying and Offering Evidence Related to Claims Previously Dismissed by the Court. ......................... 7

        1.    Duarte Should be Precluded from Presenting Evidence Regarding Allegations of Disparate Treatment. ............................................................ 7

        2.    Unsupported Allegations of Gender and Race Discrimination Will Only Prejudice the Hospital and Confuse the Jury. ........................... 9

    D.    Duarte Should Be Precluded from Introducing Deposition Testimony and Affidavits to Bolster Her Direct Case. .................................................................. 10

IV. CONCLUSION................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ansell v. Green Acres Contr. Co.*,
  347 F.3d 515 (3d Cir. 2003)......................................................................................................7

*Arlio v. Lively*,
  474 F.3d 46 (2d Cir. 2007)..................................................................................................4, 10

*Chin v. Chinatown Manpower Project*,
  No. 11 Civ. 5270, 2014 U.S. Dist. LEXIS 72573 (S.D.N.Y. May 23, 2014)............................6

*Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*,
  No. 01 Civ. 3796, 2005 U.S. Dist. LEXIS 7902 (S.D.N.Y. May 2, 2005)................................2

*Crispino v. Allard*,
  378 F. Supp. 2d 393 (S.D.N.Y. 2005).....................................................................................11

*Fiacco v. Rensselaer*,
  783 F.2d 319 (2d Cir. 1986)......................................................................................................8

*Gierlinger v. Gleason*,
  160 F.3d 858 (2d Cir. 1998)....................................................................................................10

*Goodman v. Pa. Turnpike Comm'n*,
  293 F.3d 655 (3d Cir. 2002)......................................................................................................7

*Gorbea v. Verizon N.Y., Inc.*,
  No. 11-CV-3758, 2014 U.S. Dist. LEXIS 87295 (E.D.N.Y. June 25, 2014) ...........................9

*Hart v. RCI Hospitality Holdings, Inc.*,
  90 F. Supp. 3d 250, 257 (S.D.N.Y. 2015) ................................................................................5

*Highland Capital Mgmt., L.P. v. Schneider*,
  379 F. Supp. 2d 461 (S.D.N.Y. 2005).......................................................................................2

*Hollander v. Am. Cyanamid Co.*,
  172 F.3d 192 (2d Cir. 1999)....................................................................................................11

*Jones v. N.Y. City Health & Hosp. Corp.*,
  No. 00-CV-7002, 2003 U.S. Dist. LEXIS 9014 (S.D.N.Y. May 29, 2003) .............................9

*Jordonne v. Ole Bar & Grill, Inc.*,
  No. 13 Civ. 1573, 2016 U.S. Dist. LEXIS 56943 (S.D.N.Y. Apr. 26, 2016) .........................11

*Kun v. Finnegan, Henderson, Farabow, Garrett & Dunner*,
    949 F. Supp. 13 (D.D.C. 1996) ..................................................................................... 10

*Luce v. United States*,
    469 U.S. 38 (1984) .......................................................................................................... 2

*Meloff v. New York Life Ins. Co.*,
    240 F.3d 138 (2d Cir. 2001) ........................................................................................... 8

*Palmieri v. Defaria*,
    88 F.3d 136 (2d Cir. 1996) ............................................................................................. 2

*Paone v. Microsoft Corp.*,
    No. 07-CV-2973, 2013 U.S. Dist. LEXIS 112705 (E.D.N.Y. Aug. 9, 2013) ................. 9

*Park W. Radiology v. CareCore Nat'l LLC*,
    675 F. Supp. 2d 314 (S.D.N.Y. 2009) ............................................................................ 8

*Shavuo v. Shinseki*,
    No. 10-CV-2914, 2013 U.S. Dist. LEXIS 50042 (S.D.N.Y. Apr. 5, 2013) ................... 9

*Sorenson v. Wolfson*,
    No. 10-CV-4596, 2015 U.S. Dist. LEXIS 88401 (S.D.N.Y. July 7, 2015) ................. 11

*Spencer v. Int'l Shoppes, Inc.*,
    No. 06-cv-2637, 2013 U.S. Dist. LEXIS 25524 (E.D.N.Y. Feb. 25, 2013) ................... 2

*United States v. Beech-Nut Nutrition Corp.*,
    871 F.2d 1181 (2d Cir. 1989) .................................................................................. 9, 10

*United States v. Cruz*,
    894 F.2d 41 (2d Cir. 1990) ........................................................................................... 11

*United States v. Downing*,
    297 F.3d 52 (2d Cir. 2002) ............................................................................................ 8

*United States v. Flaharty*,
    295 F.3d 182 (2d Cir. 2002) .................................................................................... 9, 10

*United States v. Gelzer*,
    50 F.3d 1133 (2d Cir. 1995) ....................................................................................... 7, 8

*United States v. Gupta*,
    747 F.3d 111 (2d Cir. 2014) .......................................................................................... 5

*United States v. Wong*,
    40 F.3d 1347 (2d Cir. 1994) .......................................................................................... 8

*United States Bank Nat'l Ass'n v. PHL Variable Life Ins. Co.*,
 112 F. Supp. 3d 122 (S.D.N.Y. 2015) ................................................................................. 11

**Statutes**

Fed. R. Civ. P. 32 ............................................................................................................................ 11

Fed. R. Evid. 401 ............................................................................................................................. 5

Fed. R. Evid. 402 ................................................................................................................... 4, 6, 9

Fed. R. Evid. 403 ............................................................................................................ 5, 7, 9, 10

Fed. R. Evid. 801 ........................................................................................................................... 11

Fed. R. Evid. 804 ........................................................................................................................... 11

Fed. R. Evid. 805 ........................................................................................................................... 11

**Other Authorities**

2 Weinstein & Berger, *Weinstein's Federal Evidence § 402.02(3)* .............................................. 10

## I. PRELIMINARY STATEMENT

Defendant St. Barnabas Hospital ("Hospital") submits this Memorandum of Law in Support of its Motion *In Limine* to Preclude Admission of Certain Testimony and Documents. To narrow the factual and legal issues at trial and to avoid prejudice, confusion and undue delay, the Hospital's motion *in limine*, which seeks to preclude plaintiff Ruth Duarte ("Duarte") from offering discreet categories of evidence and testimony that lack probative value, should be granted.

In its September 13, 2017 Memorandum Opinion and Order (the "Order"), the Court found that there were no triable issues of material fact with respect to the following claims: (1) disparate treatment discrimination based on race, gender, national origin and disability under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code § 8-107 *et seq.*; (2) hostile work environment based on race or gender under Title VII, the NYSHRL and NYCHRL; (3) retaliation under the NYSHRL; and (4) interference and retaliation under the FMLA (collectively, the "Dismissed Claims").[1] (Dkt. No. 57 at pp. 31-34, 38-39, 41-43, 47-50.)

In ruling on the Hospital's Motion for Summary Judgment, the Court significantly narrowed the issues for trial. The Order makes clear that the only remaining claims to be tried are:

---

[1] The Court also dismissed Duarte's claims for unpaid wages and overtime compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law without prejudice, given Duarte's status as an opt-in class member in *Khansari v. St. Barnabas Hospital*, No. 15 Civ. 1803 (PGG). (Dkt. No. 57 at pp. 31-34, 38-39, 41-43, 47-50.) Duarte's failure to accommodate claims under the ADA, NYSHRL and NYCHRL were also dismissed. (Dkt. No. 45.)

(1) hostile work environment based on disability in violation of Title VII, ADA and NYSHRL and NYCHRL;

(2) hostile work environment based on national origin in violation of Title VII, NYSHRL and NYCHRL; and

(3) whistleblower retaliation under New York Labor Law ("NYLL") §§ 740-741. (Dkt. No. 57 at pp. 34-39, 43-47.)

By Stipulation dated December 4, 2017, Duarte voluntarily withdrew her demand for a jury trial on her NYLL §§ 740-741 whistleblower retaliation claims, and the parties agreed that the trial should be bifurcated such that the Court, not the jury, decides Duarte's claims of whistleblower retaliation asserted in the Fifth and Sixth Causes of Action. On December 28, 2017, the Court granted the bifurcation. (Dkt. 64). Thus, the only claims to be tried to the jury are Duarte's hostile work environment claims under Title VII, the ADA, the NYSHRL and the NYCHRL, to the extent they are premised on national origin and disability.

## II.   APPLICABLE *IN LIMINE* PRINCIPLES

A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Indeed, "[t]he purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks and citation omitted); *see also Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No. 01 Civ. 3796, 2005 U.S. Dist. LEXIS 7902 at *9 (S.D.N.Y. May 2, 2005) ("The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted

2

evidence.") When a party files an *in limine* motion, "the court is required to determine preliminarily under Fed. R. Evid. 104 whether the evidence is admissible." *Spencer v. Int'l Shoppes, Inc.*, No. 06-cv-2637, 2013 U.S. Dist. LEXIS 25524, at *3 (E.D.N.Y. Feb. 25, 2013) (citing *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 467 (S.D.N.Y. 2005)).

Duarte's portions of the joint proposed pre-trial order for the jury trial, which the parties will be submitting on January 2, 2018, suggest that she intends to introduce evidence and testimony that substantially exceed the scope of the issues remaining for trial. The Hospital respectfully requests that the Court exercise its inherent authority and preempt any such efforts so that the trial may proceed in an efficient and orderly manner.

### III.  ARGUMENT

A.  **Certain Evidence Should Be Excluded from the Bench Trial.**

   1.  **Testimony and Evidence Related to the December 2012 Memo and the April 2013 Grievance Should Be Excluded Because These Documents Lack Probative Value and Are Prejudicial to the Hospital.**

In the Complaint, the central focus of Duarte's alleged protected activity to support her NYLL claim was an alleged written complaint by Duarte and a "Co-Objector" about the Hospital's billing practices under Part 599 of Title 14 of the New York Codes, Rules, and Regulations. (*See* Dkt. No. 5 at ¶¶16-19, 29-30, 33-34.) In discovery, Duarte produced two documents she claimed were the written complaint alleged in the Complaint. The first document, a memorandum addressed to Kathy Bowman, a former Human Resources representative, dated December 11, 2012, listed various complaints about the program, and was signed by several members of the clinical staff, including Duarte (the "December 2012 Memo"). (Fullerton Decl. Exh. A.) Duarte has admitted, however, that the December 2012 Memo does not mention any allegedly fraudulent billing practices. (Dkt. No. 54 at ¶ 85.) Rather, the

3

December 2012 Memo addresses wholly distinct grievances such as the use of floating holidays, malfunctioning telephones and elevators, and procedures related to sick time. (*Id.*)  Despite signing it, Duarte has no personal knowledge as to whether the December 2012 Memo was actually submitted to Bowman or the Human Resources Department. (Dkt. No. 54 at ¶ 87.)

The second document, an April 1, 2013 Grievance (the "April 2013 Grievance"), is similarly unrelated to the issues to be tried.  Like the December 2012 Memo, the April 2013 Grievance does not allude to billing practices or alleged discriminatory acts. (*See* Fullerton Decl. Exh. B.)  Rather, the April 2013 Grievance addresses some clinicians' concerns about the dissolution of the DCCS Intake Department and the corresponding increase in clinician duties, as well as the handling of vacation requests. (*See id.*)  Neither Duarte nor her "Co-Objector," Rosa Torres, ever submitted the April 2013 Grievance to the Human Resources Department. (Dkt. No. 54 at ¶ 87.)

In addition to the absence of temporal proximity linking the December 2012 Memo and April 2013 Grievance to Duarte's discipline and termination in August 2014, the substance of these two documents is entirely irrelevant to Duarte's whistleblower claim. Duarte alleges that she complained verbally about pressure to formulate patient treatment plans around Medicaid and Medicare reimbursement rates.  (Dkt. No. 54 at ¶¶ 89, 90.)  Yet, no such complaints are memorialized in the December 2012 Memo or the April 2013 Grievance.  (*See* Fullerton Decl. Exhs. A, B.)  Consequently, the December 2012 Memo and April 2013 Grievance do not meet the test of admissibility because they are not at all relevant to the claims remaining in this matter. Fed. R. Evid. 402.  *See Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007) (an item of evidence that does not tend to prove a material fact is irrelevant and inadmissible under Fed. R. Evid. 402). Relevant evidence must have the tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or less probable than it would be without the evidence.  Fed. R. Evid. 401.

The December 2012 Memo and the April 2013 Grievance do not mention any allegedly fraudulent billing practices, were not written by nor specifically pertain to Duarte and will be of no assistance to the Court in determining whether Duarte was retaliated against for engaging in protected activity covered by the NYLL.  Indeed, the Court did not mention them as a basis of protected activity in its decision on the Hospital's motion for summary judgment, relying solely upon Duarte's alleged verbal complaints.  (Dkt. No. 57, at 13-14, 44-46.)   Hence, these documents should be excluded because any probative value is substantially outweighed by the unfair prejudice to the Hospital, confusion of the issues, undue delay, and waste of time that would result from their admission. Fed. R. Evid. 403; *see generally United States v. Gupta*, 747 F.3d 111, 131-32 (2d Cir. 2014) (citing cases); *Hart v. RCI Hospitality Holdings, Inc.*, 90 F. Supp. 3d 250, 257 (S.D.N.Y. 2015).

### 2. Purported Evidence Related to the Hospital's Billing Practices Should Be Excluded.

As noted above, Duarte's whistleblower retaliation claim is premised on her alleged verbal complaints regarding the Hospital's billing practices in accordance with Medicare and Medicaid reimbursement schedules in violation of NYLL §§ 740-741.[2] (Dkt. No. 57 at pp. 39-42, 49-50.)   In its Order, the Court expressly narrowed Duarte's original whistleblower retaliation claim, noting that "complaints about 'financial wrongdoing' or 'fraudulent billing' generally fall outside the ambit of [NYLL §§ 740-741];" as such, only Duarte's alleged complaints about the *treatment decisions* qualified as protected activity, within the meaning of

---

[2] The Court granted the Hospital's motion for summary judgment on Duarte's NYSHRL and FMLA retaliation claims and noted that "[t]he Complaint does not include claims for retaliation under Title VII, the ADA, and the NYCHRL." (Dkt. No. 57 at pp. 39-42, 49-50.)

5

NYLL §§ 740-741. (Dkt. No. 57 at pp. 45-46) (citing *Chin v. Chinatown Manpower Project*, No. 11 Civ. 5270, 2014 U.S. Dist. LEXIS 72573, at *34-35 (S.D.N.Y. May 23, 2014) (internal citation omitted). Under Fed. R. Evid. 402, only relevant evidence is admissible. Therefore, any complaints Duarte made regarding billing or timekeeping in a manner contrary to the appropriate treatment actually provided to patients are not protected and cannot sustain her whistleblower retaliation claim. Such evidence should be precluded. The only testimony that would qualify as protected activity in these circumstances, as the Court found, would entail any allegations that she was told to provide treatment to a patient contrary to what was indicated for that patient (*e.g.*, that her supervisors instructed her to schedule individual therapy sessions, as opposed to group or family sessions, because individual sessions had higher reimbursement rates) – which, to be clear, the Hospital has denied ever occurred.

**B.  During the Jury Trial of Her Hostile Work Environment Claims, Testimony Regarding Duarte's Allegedly Retaliatory Discipline and Termination Should Be Precluded.**

Testimony and evidence related to Duarte's discipline and termination, which she claims were in retaliation for her whistleblowing, should be excluded from the jury trial. To defend against Duarte's interpretation and selective presentation of the actual facts surrounding her discipline and termination, the Hospital will be forced to refute Duarte's version of the events by presenting evidence of the non-retaliatory reasons for her discipline and termination. This exercise will consume a significant amount of the jury's time, as it will lead to the interjection of extraneous details such as the patient registration process, progress note requirements and vacation requests.

Even casual references to Duarte's termination risk being interpreted by the jury as potentially related to the alleged national origin or disability discrimination claims. This

evidence would be prejudicial under Rule 403 because it has an "'adverse effect … beyond tending to prove the fact or issue that justified its admission into evidence.'" *United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995) (citation omitted). The law guards against "'prejudice of the sort which cloud[s] impartial scrutiny and reasoned evaluation of the facts, which inhibit[s] neutral application of principles of law to the facts as found.'" *Ansell v. Green Acres Contr. Co.*, 347 F.3d 515, 525 (3d Cir. 2003) (quoting *Goodman v. Pa. Turnpike Comm'n*, 293 F.3d 655, 670 (3d Cir. 2002)). A court will exclude such unfairly prejudicial evidence if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *See* Fed. R. Evid. 403, advisory committee notes.

The jury will not be charged with determining whether Duarte's discipline and termination were retaliatory. (*See* Dkt. 64). Furthermore, Duarte has indicated in her portions of the joint proposed pre-trial order to be submitted on January 2, 2018 that she agrees that testimony and evidence concerning these claims should be excluded from the jury trial because she withdrew her demand for a jury trial on her NYLL whistleblower retaliation claims. Therefore, all evidence related to Duarte's alleged complaints, discipline and termination should be precluded.

### C.  In the Jury Trial, Duarte Should Be Precluded From Testifying and Offering Evidence Related to Claims Previously Dismissed by the Court.

#### 1. Duarte Should be Precluded from Presenting Evidence Regarding Allegations of Disparate Treatment.

In the Order, the Court properly dismissed Duarte's discrimination claims alleging disparate treatment, even to the extent that the claims were based on Duarte's national origin.[3]

---

[3] Duarte's Complaint does not contain any disparate treatment claims alleging discrimination on the basis of her disability. (*See* Dkt. No. 5.)

(Dkt. No. 57 at pp. 31-34.)  The Court has already ruled that Duarte failed to adduce any admissible evidence sufficient to create an issue of fact with respect to her disparate treatment theory. *Id.*  Insofar as Duarte intends to revive these allegations at trial, she should be precluded from doing so.

The Court has wide latitude in assessing the admissibility of evidence presented at trial. *See, e.g., Meloff v. New York Life Ins. Co.*, 240 F.3d 138, 148 (2d Cir. 2001); *United States v. Wong*, 40 F.3d 1347, 1378 (2d Cir. 1994); *Fiacco v. Rensselaer*, 783 F.2d 319, 327 (2d Cir. 1986).  This discretion includes the authority to preclude evidence where the probative value of proffered evidence is outweighed by the potential prejudice to the other party. *United States v. Downing*, 297 F.3d 52, 59 (2d Cir. 2002).  Evidence is prejudicial under Rule 403 if it "'involves some adverse effect … beyond tending to prove the fact or issue that justified its admission into evidence.'" *Gelzer*, 50 F.3d at 1139 (citation omitted).

Duarte has failed to identify any concrete examples of how the terms and conditions of her employment were allegedly adversely affected as a result of her national origin, gender or race.   (Dkt. No. 57 at pp. 31-34.)  If Duarte is permitted to offer unsupported testimony conjuring up perceived differences in her treatment relative to that of her former colleagues, the jury will undoubtedly become distracted from the real issue in this case: whether Duarte was subjected to a hostile work environment on account of her national origin or disability. *Park W. Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 325 (S.D.N.Y. 2009) (finding that nonparty allegations risk "turning the trial into a multi-ringed sideshow of mini-trials on collateral issues … that may have only tangential bearing … to the issues and claims disputed in this case") (internal quotation marks and citation omitted).

8

To defend against Duarte's unsupported allegations of disparate treatment, the Hospital will have to counter, to the extent possible, with explanations of the true circumstances surrounding each trivial incident invented by Duarte.  This endeavor would result in unfair prejudice to the Hospital, undue delay and needless confusion of the issues before the jury. *United States v. Flaharty*, 295 F.3d 182, 191 (2d Cir. 2002) ("[U]nder Rule 403, the district court may exclude even relevant evidence if it finds that the 'probative value [of the testimony] is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.'") (citing Fed. R. Evid. 403);  *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1193 (2d Cir. 1989) ("broad discretion to exclude even relevant evidence if its probative value is substantially outweighed by the danger of confusion of the issue[s] or if it would be needlessly cumulative") (citing Fed. R. Evid. 403).

### 2. Unsupported Allegations of Gender and Race Discrimination Will Only Prejudice the Hospital and Confuse the Jury.

The Court has already determined that Duarte has not presented a triable issue of fact with respect to her theories of gender or race discrimination.  (Dkt. No. 57 at pp. 33-34, 38.) Duarte should be precluded from testifying concerning any supposed gender or race discrimination because these matters have no relevance to the remaining national origin and disability hostile work environment claims. *See* Fed. R. Evid. 402. A party may not offer evidence at trial relating to claims of employment discrimination that will not be decided at trial. *See, e.g.*, *Gorbea v. Verizon N.Y., Inc.*, No. 11-CV-3758, 2014 U.S. Dist. LEXIS 87295, at *5-6 (E.D.N.Y. June 25, 2014); *Paone v. Microsoft Corp.*, No. 07-CV-2973, 2013 U.S. Dist. LEXIS 112705, at *18-20 (E.D.N.Y. Aug. 9, 2013); *Shavuo v. Shinseki*, No. 10-CV-2914, 2013 U.S. Dist. LEXIS 50042, at *3-4 (S.D.N.Y. Apr. 5, 2013); *Jones v. N.Y. City Health & Hosp. Corp.*,

9

No. 00-CV-7002, 2003 U.S. Dist. LEXIS 9014, at *3-4 (S.D.N.Y. May 29, 2003). "To open the doors of relevance so wide as to allow a plaintiff to recite facts concerning claims he is *not* making or damages he is *not* seeking would violate the spirit of the Federal Rules and 'hamper rather than advance the search for truth.'" *Arlio*, 474 F.3d at 52 (quoting 2 Weinstein & Berger, *Weinstein's Federal Evidence § 402.02(3)*, at 402-15)). Importantly, the Court has already determined that Duarte's race and national origin claims do not overlap. (Dkt. No. 57 at pp. 38.) *See also Kun v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 949 F. Supp. 13, 19 (D.D.C. 1996) ("allegations of race discrimination are not relevant to a claim of national origin discrimination").

Even if there were any probative value of evidence related to the dismissed claims of gender and race discrimination, the evidence should still be excluded under Fed. R. Evid. 403 because any probative value would be substantially outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay, and wasting time. *Gierlinger v. Gleason*, 160 F.3d 858, 871 (2d Cir. 1998); *Flaharty*, 295 F.3d at 191; *Beech-Nut Nutrition Corp.*, 871 F.2d at 1193. The introduction of this evidence would necessarily lead to confusion and prejudice because it would unfairly suggest that the jury should reach a decision based, in part, on claims that the Court found insufficient to withstand a motion for summary judgment.

For the foregoing reasons, Duarte should be precluded from offering any evidence or testimony related to claims that this Court previously dismissed.

### D.  Duarte Should Be Precluded from Introducing Deposition Testimony and Affidavits to Bolster Her Direct Case.

Duarte has indicated in her portions of the proposed joint pre-trial order to be submitted on January 2, 2017, that she intends to offer both an affidavit and prior deposition testimony as evidence "to prove Plaintiff's case-in-chief." These documents are plainly prior out-of-court

statements made by an available witness and offered for the truth of the matter asserted, and therefore constitute inadmissible hearsay. Fed. R. Evid. 801.

There is no indication that witnesses who were previously deposed in this matter are unavailable to testify at trial. *See* Fed. R. Evid. 804. Nevertheless, Duarte intends to use deposition testimony on her direct case. The prior statements contained in those transcripts are inadmissible and should be precluded. *See* Fed. R. Civ. P. 32, Fed. R. Evid. 801, 804; *Jordonne v. Ole Bar & Grill, Inc.*, No. 13 Civ. 1573, 2016 U.S. Dist. LEXIS 56943, at *21 (S.D.N.Y. Apr. 26, 2016). Duarte's affidavit, which was submitted in opposition to Defendant's Motion for Summary Judgment (Dkt. No. 56-7), should also be excluded from evidence in her direct case as inadmissible hearsay. Fed. R. Evid. 801; *Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999); *Sorenson v. Wolfson*, No. 10-CV-4596, 2015 U.S. Dist. LEXIS 88401, at *8 (S.D.N.Y. July 7, 2015); *Crispino v. Allard*, 378 F. Supp. 2d 393, 411 (S.D.N.Y. 2005). The Hospital, on the other hand, should be permitted to use that Affidavit and Duarte's deposition testimony to impeach Duarte as appropriate.

Quiñones, Arce-Tomale, and Torres are all available and expected to testify at trial. Duarte should be precluded from attempting to offer their prior testimony in support of her direct case. *See* Fed. R. Evid. 805; *United States v. Cruz*, 894 F.2d 41, 44 (2d Cir. 1990); *United States Bank Nat'l Ass'n v. PHL Variable Life Ins. Co.*, 112 F. Supp. 3d 122, 141 (S.D.N.Y. 2015).

## IV. CONCLUSION

For all of the above reasons, the Hospital respectfully requests that the Court preclude Duarte from introducing into evidence any and all of the testimony and documents described herein. The Hospital reserves its right to move at trial to preclude other evidence, and to modify or renew its *In Limine* Motion consistent with trial proof and the Court's rulings.

Dated: New York, New York
December 28, 2017

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

By:  s/ David W. Garland
     David W. Garland
     John F. Fullerton
     Adriana S. Kosovych
250 Park Avenue
New York, New York 10177
(212) 351-4500
*Attorneys for Defendant St. Barnabas Hospital*