UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUTH DUARTE,

                              Plaintiff,

            - against -

ST. BARNABAS HOSPITAL,

                              Defendant.

15-CV-6824 (PGG)

**PROPOSED JOINT PRE-TRIAL
ORDER – JURY TRIAL ON
PLAINTIFF'S DISCRIMINATION
CLAIMS ASSERTED IN THE
FIRST, SECOND AND THIRD
CAUSES OF ACTION**

The parties have conferred among themselves and with the Court pursuant to Fed. R. Civ.

P. 16, the following statements, directions and agreements are adopted as the Pre-trial Order

herein for the jury trial on Plaintiff's hostile work environment claims asserted in the First,

Second and Third Causes of Action in the Complaint.

## I.      TRIAL COUNSEL

For Plaintiff:

JOSEPH & NORINSBERG
Bennitta L. Joseph, Esq.
225 Broadway, Suite 2700
New York, New York 10007
Tel: (212) 227-5700
Fax: (267) 507-1900

NESENOFF & MILTENBERG, LLP
Megan S. Goddard, Esq.
Gabrielle M. Vinci, Esq.
363 7th Avenue, 5th Floor
New York, New York 10001
Tel: (212) 736-4500
Fax: (212) 736-2260

For Defendant:

EPSTEIN BECKER & GREEN, P.C.
David W. Garland
John F. Fullerton III

Adriana S. Kosovych
250 Park Avenue
New York, New York  10177-1211
Phone: (212) 351-4500
Fax: (212) 878-8600

## II.    BASIS FOR SUBJECT MATTER JURISDICTION

Plaintiff's Statement: This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as Plaintiff's claims are brought pursuant to 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 12101 *et seq.*. This Court has supplemental jurisdiction over Plaintiff's State and City law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form a part of the same case or controversy between Plaintiff and Defendant.

Defendant's Statement: Defendant agrees that the Court has subject matter jurisdiction over this Action.

## III.    SUMMARY OF CLAIMS AND DEFENSES TO BE TRIED

**(a) Plaintiff's Statement:**

Plaintiff Ruth Duarte ("Plaintiff" or "Duarte"), a disabled Ecuadorian female, was employed by Defendant St. Barnabas Hospital ("Hospital" or "SBH") as a Clinician in the Fordham Tremont Community Mental Health Center's Reverend David Casella Children's Services Program ("DCCS") from July 2007 until August 2014.  Arce was Duarte's direct supervisor and Edgardo Quinones also supervised Plaintiff.

Duarte commenced this action asserting the following causes of action against SBH:

(i)    Disparate treatment and hostile work environment on the basis of Duarte's national origin, race, gender, and disability in violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.*, Title VII of the Civil

2

Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e *et seq.*, as amended, the New York State Human Rights Law ("SHRL") N.Y. Exec. Law § 296 *et seq.*, and the New York City Human Rights Law ("CHRL") N.Y. Admin. Code, § 8-101 *et seq.*;

(ii)     Failure to properly pay wages and overtime compensation in violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-219, and the New York Labor Law ("NYLL");

(iii)    Whistleblower Retaliation in violation of the NYLL § 740/741;

(iv)     Interference and Retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; and

(v)      Failure to provide a reasonable accommodation in violation of the SHRL and CHRL.

The following claims have been previously dismissed and/or withdrawn:

(i)      Disparate treatment and hostile work environment on the basis of gender in its entirety;

(ii)     Disparate treatment and hostile work environment on the basis of race in its entirety;

(iii)    Disparate treatment on the basis of Duarte's national origin in their entirety;

(iv)     Disparate treatment on the basis of Duarte's disability in their entirety;

(v)      Retaliation for complaints of discrimination under the SHRL;

(vi)     Unpaid overtime and wage claims in their entirety; and

(vii)    Interference and Retaliation claims under the FMLA;

Thus, the following claims are to be tried and determined by the jury[1]:

---

[1] By Stipulation and Order dated December 28, 2017, Plaintiff voluntarily withdrew her demand for a jury trial on her NYLL § 741 whistleblower retaliation claims, and the parties agreed that the trial should be bifurcated such that Plaintiff's claims of whistleblower retaliation asserted in the Fifth and Sixth Causes of Action shall not be decided by a Jury. (Dkt. 64). The parties are submitting a separate joint proposed pre-trial order for the bench trial of Plaintiff's claims of whistleblower retaliation under NYLL § 741.

(i)     Whether Defendant subjected Plaintiff to a hostile work environment on the basis of her national origin in violation of Title VII and the SHRL by virtue of subjecting Plaintiff to repeated comments related to her national origin, accent, and ethnicity;

(ii)    Whether Defendant subjected Plaintiff to a hostile work environment on the basis of her national origin in violation of the CHRL by virtue of subjecting Plaintiff to repeated comments related to her national origin, accent, and ethnicity;

(iii)   Whether Defendant subjected Plaintiff to a hostile work environment on the basis of her disability in violation of the ADA and the SHRL by virtue of subjecting Plaintiff to repeated comments related to her impaired hearing abilities;

(iv)    Whether Defendant subjected Plaintiff to a hostile work environment on the basis of her disability in violation of the CHRL by virtue of subjecting Plaintiff to repeated comments related to her impaired hearing abilities; and

(v)     Whether SBH had knowledge of the hostile work environment and failed to take remedial action to stop the conduct.

Plaintiff alleges that she was subjected to repeated public and private comments directly related to her national origin (Ecuadorian) and disability (hearing) such as, among other things, being yelled at by her supervisor for being "deaf," being called an "immigrant," and being ridiculed for her accent and the manner in which she pronounced words in English, her second language, by her supervisor Edgardo Quinones, who was born in Puerto Rico. Plaintiff intends to prove her claims at trial through, among other evidence, testimony of several former and current employees of SBH who witnessed such comments being made in staff meetings.

Accordingly, Plaintiff maintains she is entitled to the entry of judgment in her favor on her remaining hostile work environment claims, along with her costs, reasonable attorneys' fees and such other and further relief as the Court deems appropriate.

(b) **Defendant's Statement**:

SBH is a New York State not-for-profit hospital that provides state-of-the-art inpatient, ambulatory and preventative care in all areas of medicine at various campuses in the New York City area. Plaintiff Ruth Duarte is a former Clinician of DCCS, which is affiliated with the Hospital. The terms and conditions of Duarte's employment are governed by the collective bargaining agreement ("CBA") between the Hospital and her union, 1999SEIU United Healthcare Workers East. Duarte's employment at DCCS ended on August 6, 2014.

Duarte commenced this action asserting the following claims against SBH: (1) disparate treatment and hostile work environment discrimination based on her national origin, disability, race and gender under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq.* and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code, § 8-101 *et seq.*; (2) retaliation under Title VII, the ADA, and the NYCHRL; (3) interference and retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; (4) whistleblower retaliation in violation of New York Labor Law ("NYLL") § 741; and (5) unpaid wage and overtime claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and NYLL.

The Court previously dismissed Duarte's claims for (1) disparate treatment discrimination under Title VII, the ADA, the NYSHRL and the NYCHRL; (2) hostile work environment under Title VII, the NYSHRL and the NYCHRL, to the extent they are premised on gender or race; (3) NYSHRL retaliation; and (4) FMLA interference and retaliation. (*See* Memorandum Opinion & Order dated September 13, 2017, Dkt. 57 ("9/13/17 Memo & Order")).

Duarte's claim for unpaid wages and overtime compensation under the FLSA and NYLL were dismissed without prejudice, given her  status as an opt-in plaintiff in *Khansari v. St. Barnabas Hospital*, No. 15 Civ. 1803 (PGG). (*See* 9/13/17 Memo & Order; *see also* Dkt 45).   By Stipulation and Order dated December 28, 2017, Duarte voluntarily withdrew her demand for a jury trial on her NYLL § 741 whistleblower retaliation claims, and the parties agreed that the trial should be bifurcated such that the Court decides Duarte's claims of whistleblower retaliation asserted in the Fifth and Sixth Causes of Action of the Complaint. (Dkt. 64).   Thus, the only claims to be tried to the jury are Duarte's hostile work environment claims under Title VII, the ADA, the NYSHRL and the NYCHRL, to the extent they are premised on national origin and disability.

Accordingly, the issues to be tried to the jury are as follows:

1.   Whether Duarte can prove by a preponderance of the evidence that SBH subjected her to a severe or pervasive hostile work environment based on her national origin that altered the conditions of her employment in violation of Title VII and the NYSHRL?

2.   Whether Duarte can prove by a preponderance of the evidence that SBH subjected her to a hostile work environment based on her national origin in violation of the NYCHRL?

3.   Whether Duarte can prove by a preponderance of the evidence that SBH subjected her to a severe or pervasive hostile work environment based on her disability that altered the conditions of her employment in violation of Title VII, the ADA and the NYSHRL?

4.   Whether Duarte can prove by a preponderance of the evidence that SBH subjected her to a hostile work environment based on her disability in violation of the NYCHRL?

5.   Whether Duarte can prove by a preponderance of the evidence that she suffered actual damages because SBH subjected her to a hostile work environment based on her national origin or disability?

The Hospital denies that Duarte was subjected to a hostile work environment based on her national origin or hearing disability.  The Hospital denies that DCCS Director Edgardo Quinones made fun of Duarte's hearing disability and her accent at staff meetings, and this will

be corroborated by several witnesses who were present at these meetings.  Further, the alleged teasing did not affect Duarte's ability to perform her job or otherwise alter her conditions of employment.  She has never sought any type of counseling because of the alleged hostile work environment, and will be unable to prove that she suffered any damages in support of this claim. Accordingly, the Hospital requests the dismissal of Duarte's hostile work environment claims and the entry of judgment in its favor, along with its costs, reasonable attorneys' fees and such other and further relief as this Court deems appropriate.

## IV.   DAMAGES

Duarte seeks statutory costs, attorney's fees, lost wages, benefits, and promotional opportunities, front pay, and punitive damages in an amount to be determined by the jury at trial. Further, Duarte seeks non-pecuniary damages for emotional distress and mental anguish in an amount to be determined by the jury at trial.

## V.   JURY/NON-JURY

Duarte has demanded a jury trial for all of the issues relating to her claims for hostile work environment under Title VII, the ADA, NYSHRL and NYCHRL.[2]

The parties estimate that the trial will take three (3) to four (4) days.   The parties do not consent to the trial of the case by a magistrate judge.

---

[2] By Stipulation and Order dated December 28, 2017, Plaintiff voluntarily withdrew her demand for a jury trial on her NYLL § 741 whistleblower retaliation claims, and the parties agreed that the trial should be bifurcated such that Plaintiff's claims of whistleblower retaliation asserted in the Fifth and Sixth Causes of Action will not be decided by the Jury. (Dkt. 64). The parties are submitting a separate joint proposed pre-trial order for the bench trial of Plaintiff's claims of whistleblower retaliation under NYLL § 741.

## VI.   STIPULATED FACTS

The parties stipulate to the following facts:

1.  At all relevant times, Edgardo Quinones ("Quinones") was the Director of DCCS.

2.  At all relevant times, Milagros Arce Tomala ("Arce") was the Assistant Director of DCCS.

3.  On July 7, 2007, SBH hired plaintiff Ruth Duarte ("Duarte") as a clinician in DCCS.

4.  Duarte is of Ecuadorian national origin.

5.  At all relevant times during Duarte's employment with the Hospital, Duarte suffered from a hearing impairment.

6.  The clinician position in DCCS is a union-represented position.

7.  As a clinician, Duarte treated patients and provided mental health services, treatment and therapy sessions to patients who came in to DCCS.

8.  Among other responsibilities, Duarte was responsible for identifying and then providing the appropriate therapeutic services, whether on an individual, family or group basis.

9.  Quinones and/or Arce conducted "staff meetings" with the clinicians on a weekly basis.

10. Duarte's employment with the Hospital ended on August 6, 2014.

11. Duarte filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant on September 14, 2014.

12. Defendant responded to Plaintiff's EEOC Charge of Discrimination on January 2, 2015.

## VII.   PLAINTIFF'S WITNESS LIST

The following is a list of witnesses Plaintiff may call in her case-in-chief.  Each witness listed will testify in person.

1.   Plaintiff Ruth Duarte;

2.   Milagros Arce-Tomala, Plaintiff's former direct Supervisor and then Assistant Director of the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital;

3.   Edgardo Quinones, Plaintiff's former supervisor and former Director of the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital;

4.   Rosa Torres, Clinician in the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital ;

5.   Carmen Lopez, former Clinician in the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital;

6.   Wayne Webb, Defendant's Human Resources employee;

7.   Sylvia Dolman, former Clinician in the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital;

8.   Michael Gonzalez, Clinician in the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital; and

9.   Marcie Van Hoven, Plaintiff's former union representative.

Duarte reserves the right to introduce the deposition testimony of Milagros Arce-Tomala, Rosa Torres, Edgardo Quinones, and Wayne Webb to the extent inconsistent with their trial

testimony or needed to prove Plaintiff's case-in-chief.[3] Additionally, Duarte also reserves her right to call any witness identified by SBH and to call additional witnesses for rebuttal purposes, if necessary.

Duarte voluntarily withdrew her demand for a jury trial on her NYLL § 741 whistleblower retaliation claims, and the parties agreed that the trial should be bifurcated such that Duarte's claims of whistleblower retaliation asserted in the Fifth and Sixth Causes of Action will be not be decided by the Jury (*see* Dkt. 64).

## VIII.   DEFENDANT'S WITNESS LIST

The following is a list of witnesses SBH may call in its case-in-chief.  Each witness listed will testify in person.

1.  Milagros Arce-Tomala, then Assistant Director of the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital

2.  Edgardo Quinones, former Director of the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital

3.  Michael Martin, Clinician in the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital[4]

---

[3] Defendant objects to Plaintiff's use of any deposition testimony in her direct case.  In violation of Your Honor's Individual Rule of Practice X(A)(10), Plaintiff has failed to provide a designation containing the page and line numbers of any deposition testimony to be offered in her case in chief, aside from the testimony of Edgardo Quinones.  Moreover, all previously deposed witnesses are available to testify, and the use of their prior testimony is the subject of the Hospital's motion *in limine*, filed on December 28, 2017 (Dkt. 65).

[4] Plaintiff objects to Defendant's designation of Michael Martin as a witness.  In violation of Rule 26 of the Federal Rules of Civil Procedure, Defendant never previously disclosed Mr. Martin as a potential witness in either SBH's Initial Disclosures or in Defendant's Interrogatory Responses and has provided no indication of what Mr. Martin will testify about, nor has Defendant provided contact information for this witness, as required under Rule 26.

4. Rita Russell, then Administrative Assistant in the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital[5]

5. Michael Gonzalez, Clinician in the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital[6]

6. Sylvia Dolman, former Clinician in the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital.[7]

The Hospital reserves the right to introduce excerpts from Duarte's deposition testimony on cross-examination to the extent inconsistent with her trial testimony or needed to prove the Hospital's defenses.[8]  The Hospital also reserves the right to introduce deposition testimony of Rosa Torres, Michael Gonzalez and Sylvia Dolman[9] on cross-examination to the extent

---

[5] Plaintiff objects to Defendant's designation of Rita Russell as a witness.  In violation of Rule 26 of the Federal Rules of Civil Procedure, Defendant never previously disclosed Ms. Russell as a potential witness in either SBH's Initial Disclosures or in Defendant's Interrogatory Responses and has provided no indication of what Ms. Russell will testify about, nor has Defendant provided contact information for this witness, as required under Rule 26.

[6] Plaintiff objects to Defendant's designation of Michael Gonzalez as a witness.  In violation of Rule 26 of the Federal Rules of Civil Procedure, Defendant never previously disclosed Mr. Gonzalez as a potential witness in either SBH's Initial Disclosures or in Defendant's Interrogatory Responses and has provided no indication of what Mr. Gonzalez will testify about, nor has Defendant provided contact information for this witness, as required under Rule 26.

[7] Plaintiff objects to Defendant's designation of Sylvia Dolman as a witness.  In violation of Rule 26 of the Federal Rules of Civil Procedure, Defendant never previously disclosed Ms. Dolman as a potential witness in either SBH's Initial Disclosures or in Defendant's Interrogatory Responses and has provided no indication of what Ms. Dolman will testify about, nor has Defendant provided contact information for this witness, as required under Rule 26.

[8] Plaintiff objects to Defendant's use of any deposition testimony to prove its Defenses. Defendant has failed to provide a designation containing the page and line numbers of any deposition testimony to be so offered.

[9] Plaintiff objects to the use of any deposition testimony previously elicited by Sylvia Dolman and/or Michael Gonzalez. Neither Ms. Dolman or Mr. Gonzalez were deposed in this matter, nor was Plaintiff or Plaintiff's counsel made aware that they were questioned about this action in any other matter.  Although Plaintiff has requested the deposition transcripts of Ms. Dolman and Mr. Gonzalez in the *Khansari* action from Defendant's counsel, Defendant's counsel has refused to provide them. Plaintiff was only  made aware of the existence of such transcripts upon her

inconsistent with their trial testimony or needed to prove the Hospital's defenses.  Additionally, the Hospital also reserves its right to call any witness identified by Duarte and to call additional witnesses for rebuttal purposes, if necessary.

Because Duarte voluntarily withdrew her demand for a jury trial on her NYLL § 741 whistleblower retaliation claims, and the parties agreed that the trial should be bifurcated such that Duarte's claims of whistleblower retaliation asserted in the Fifth and Sixth Causes of Action will be decided by the Court (*see* Dkt. 64), SBH respectfully submits that testimony and evidence concerning Duarte's discipline and termination should be excluded from evidence at the jury trial. The Hospital has submitted a motion *in limine* to exclude all such testimony and evidence concerning Duarte's discipline and termination.  (*See* Dkt. 65).  The parties will be submitting a separate joint proposed pre-trial order for the bench trial of Duarte's claims of whistleblower retaliation under NYLL § 741.

## IX.    PLAINTIFF'S EXHIBITS[10]

No exhibit not listed below may be used at trial except (a) for cross-examination or rebuttal purposes or (b) if good cause for its exclusion from the pre-trial order is shown.

Duarte reserves the right to: (1) offer all or any portion of any exhibit listed below, including substituting an exhibit for a cleaner copy if one exists; (2) offer and use any of the exhibits listed herein for more than one purpose; (3) not to offer any of the exhibits listed herein; (4) offer any exhibit designated on SBH's exhibit list, whether or not offered by the SBH; (5)

---

receipt of the first draft of the proposed joint pre-trial order.  Plaintiff will be submitting a letter to the Court to address this issue and to request copies of the transcripts and/or to ask that they be excluded from both  trials.
[10] Defendant's objections to Duarte's exhibits are set forth in Section XI(a).

offer additional exhibits at trial for purposes of cross-examination, impeachment or rehabilitation; (6) offer additional exhibits on rebuttal; (7) offer exhibits concerning Duarte's discipline and termination in the event the Court permits the jury to hear testimony and evidence regarding these issues; (8) offer exhibits concerning Duarte's complaints of discrimination in the event the Court permits the jury to hear testimony and evidence regarding these issues; and (9) offer documents produced by SBH during the trial, if any, that have not yet been produced.

**Documents for Plaintiff's Case-in-Chief:**

| Exhibit # | Description | Bates Stamp |
|---|---|---|
| **PX-1** | SBH's Code of Conduct | SBH000449-000470 |
| **PX-2** | Collective Bargaining Agreement between St. Barnabas Hospital and 1199SEIU, United Healthcare Workers East, covering the period June 1, 2009 through April 30, 2015 | SBH000001-000191 |
| **PX-3** | Plaintiff's signed acknowledgment of New Employee Orientation Program dated July 26, 2007 | SBH001020 |
| **PX-4** | Agenda for New Hire Orientation | SBH0001018 |
| **PX-5** | Plaintiff's signed Acknowledgment of St. Barnabas Hospital's Discrimination and Harassment Policy dated July 26, 2007 | SBH001019 |
| **PX-6** | Plaintiff's signed Acknowledgment of Receipt of St. Barnabas Hospital's Corporate Compliance Manual and Code of Conduct dated July 26, 2007 | SBH0001021 |
| **PX-7** | Relevant Portions of SBH's Employee Handbook | SBH000874-000903 |
| **PX-8** | Plaintiff's Affidavit Submitted in Connection with the Motion for Summary Judgment | |
| **PX-9** | Defendants' Answer to Plaintiff's Amended Complaint | |
| **PX-10** | Defendants' Response to Plaintiff's First Set of Document Demands | |
| **PX-11** | Defendants' Response to Plaintiff's First Set of Interrogatories | |
| **PX-12** | Job Description/Performance Evaluation dated September 13, 2011 | SBH000337-000345 |
| **PX-13** | Plaintiff's Rebuttal to September 13, 2011 Job Description/Performance Evaluation, dated October 21, 2011 | SBH000346 |
| **PX-14** | Official Warning Notice dated November 20, 2013 | SBH001072-001073 |
| **PX-15** | Plaintiff's Rebuttal to November 20, 2013 Official Warning Notice, dated November 25, 2013 | SBH001057 |
| **PX-16** | Plaintiff's Amplifier Hearing Device and headphones | |

| PX-17 | Job Description/Performance Evaluation dated September 29, 2010 | SBH000301-000310 |
| PX-18 | Job Description/Performance Evaluation dated October 23, 2009 | SBH000311-000319 |
| PX-19 | Defendant's January 2015 Rebuttal to Plaintiff's EEOC Charge of Discrimination | SBH000417-000486 |
| PX-20 | Fordham-Tremont Community Mental Heal Center Administrative/Human Resources/Clinical Policies and Procedures Manuals | SBH000920-000951 |

## X.   DEFENDANT'S EXHIBITS[11]

No exhibit not listed below may be used at trial except (a) for cross-examination purposes or (b) if good cause for its exclusion from the pre-trial order is shown.

SBH reserves the right to: (1) offer all or any portion of any exhibit listed below, including substituting an exhibit for a cleaner copy if one exists; (2) offer and use any of the exhibits listed herein for more than one purpose; (3) not to offer any of the exhibits listed herein; (4) offer any exhibit designated on Duarte's exhibit list, whether or not offered by the Duarte; (5) offer additional exhibits at trial for purposes of cross-examination, impeachment or rehabilitation; (6) offer additional exhibits on rebuttal; (7) offer exhibits concerning Duarte's discipline and termination in the event the Court permits the jury to hear testimony and evidence regarding these issues; and (8) offer documents produced by Duarte during the trial, if any, that have not yet been produced.

**Documents for Defendant's Case in Chief:**

| Exhibit # | Description | Bates Stamp |
|---|---|---|
| DX-1 | Code of Conduct | SBH000449-000470 |
| DX-2 | Collective Bargaining Agreement between St. Barnabas Hospital and 1199SEIU, United Healthcare Workers East, covering the period June 1, 2009 through April 30, 2015 | SBH000001-000191 |

---

[11] Duarte's objections to Defendant's exhibits are set forth in Section XI(b).

| | | |
|---|---|---|
| **DX-3** | Plaintiff's signed acknowledgment of New Employee Orientation Program dated July 26, 2007 | SBH001020 |
| **DX-4** | Agenda for New Hire Orientation | SBH0001018 |
| **DX-5** | Plaintiff's signed Acknowledgment of St. Barnabas Hospital's Discrimination and Harassment Policy dated July 26, 2007 | SBH001019 |
| **DX-6** | Plaintiff's signed Acknowledgment of Receipt of St. Barnabas Hospital's Corporate Compliance Manual and Code of Conduct dated July 26, 2007 | SBH0001021 |

## XI.   STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

Any objections not set forth herein will be considered waived absent good cause shown.

(a)    Defendant objects to Plaintiff's Proposed Exhibits as follows:[12]

| Exhibit # | Description | Basis for Objection |
|---|---|---|
| PX-1 | SBH's Code of Conduct | No Objection |
| PX-2 | Collective Bargaining Agreement between St. Barnabas Hospital and 1199SEIU, United Healthcare Workers East, covering the period June 1, 2009 through April 30, 2015 | No Objection |
| PX-3 | Plaintiff's signed acknowledgment of New Employee Orientation Program dated July 26, 2007 | No Objection |
| PX-4 | Agenda for New Hire Orientation | No Objection |
| PX-5 | Plaintiff's signed Acknowledgment of St. Barnabas Hospital's Discrimination and Harassment Policy dated July 26, 2007 | No Objection |
| PX-6 | Plaintiff's signed Acknowledgment of Receipt of St. Barnabas Hospital's Corporate Compliance Manual and | No Objection |

---

[12] Because Plaintiff voluntarily withdrew her demand for a jury trial on her NYLL § 741 whistleblower retaliation claims, and the parties agreed that the trial should be bifurcated such that only Plaintiff's claims of whistleblower retaliation asserted in the Fifth and Sixth Causes of Action will not be decided by the Jury(*see* Dkt. 64), Defendant objects to the introduction of any evidence concerning Plaintiff's discipline and termination. Defendant submitted a motion *in limine* to exclude all testimony and evidence concerning Plaintiff's discipline and termination (Dkt. 65). Defendant's *in Limine* Motion further addresses its objections to certain of Plaintiff's proposed exhibits.

| | | Code of Conduct dated July 26, 2007 | |
|---|---|---|---|
| PX-7 | | Relevant Portions of SBH's Employee Handbook | No Objection |
| PX-8 | | Plaintiff's Affidavit Submitted in Connection with the Motion for Summary Judgment | Objection – hearsay, FRE 801, subject of motion *in limine* |
| PX-9 | | Defendants' Answer to Plaintiff's Amended Complaint | Object to the extent that Plaintiff offers the Answer for any purpose other than admissions contained therein – relevance FRE 401, 403, hearsay, FRE 801 |
| PX-10 | | Defendants' Response to Plaintiff's First Set of Document Demands | Objection – relevance, FRE 401, 403 hearsay, FRE 801 |
| PX-11 | | Defendants' Response to Plaintiff's First Set of Interrogatories | Object to the extent that Plaintiff offers the Responses for any purpose other than admissions contained therein – relevance FRE 401, 403, hearsay, FRE 801 |
| PX-12 | | Job Description/Performance Evaluation dated September 13, 2011 | Objection – Plaintiff's whistleblower retaliation claims under NYLL §741 have been be bifurcated and will be tried to the Court, not the jury (*see* Dkt. 64), and therefore, this exhibit should be excluded as it is irrelevant to Plaintiff's hostile work environment claims, and would result in a waste of time and confusion of the issues before the jury, as well as undue prejudice to Defendant.  FRE 401, 403, subject of motion *in limine*. |
| PX-13 | | Plaintiff's Rebuttal to September 13, 2011 Job Description/Performance Evaluation, dated October 21, 2011 | Objection – Plaintiff's whistleblower retaliation claims under NYLL §741 have been be bifurcated and will be tried to the Court, not the jury (*see* Dkt. 64), and therefore, this exhibit should be excluded as it is irrelevant to Plaintiff's hostile work environment claims, and would result in a waste of time and confusion of the issues before the jury, as well as undue prejudice to Defendant.  FRE 401, 403, subject of motion *in limine*. |
| PX-14 | | Official Warning Notice dated November 20, 2013 | Objection – Plaintiff's whistleblower retaliation claims under NYLL §741 have been be bifurcated and will be tried to the Court, not the jury (*see* Dkt. 64), and therefore, this exhibit should be excluded as it is irrelevant to Plaintiff's hostile work environment claims, and would result in a waste of time and confusion of |

| | | the issues before the jury, as well as undue prejudice to Defendant.  FRE 401, 403, subject of motion *in limine*. |
|---|---|---|
| PX-15 | Plaintiff's Rebuttal to November 20, 2013 Official Warning Notice, dated November 25, 2013 | Objection – Plaintiff's whistleblower retaliation claims under NYLL §741 have been be bifurcated and will be tried to the Court, not the jury (*see* Dkt. 64), and therefore, this exhibits should be excluded as it is irrelevant to Plaintiff's hostile work environment claims, and would result in a waste of time and confusion of the issues before the jury, as well as undue prejudice to Defendant.  FRE 401, 403, subject of motion *in limine*. |
| PX-16 | Plaintiff's Amplifier Hearing Device and headphones | No Objection. |
| PX-17 | Job Description/Performance Evaluation dated September 29, 2010 | Objection – Plaintiff's whistleblower retaliation claims under NYLL §741 have been be bifurcated and will be tried to the Court, not the jury (*see* Dkt. 64), and therefore, this exhibits should be excluded as it is irrelevant to Plaintiff's hostile work environment claims, and would result in a waste of time and confusion of the issues before the jury, as well as undue prejudice to Defendant.  FRE 401, 403, subject of motion *in limine*. |
| PX-18 | Job Description/Performance Evaluation dated October 23, 2009 | Objection – Plaintiff's whistleblower retaliation claims under NYLL §741 have been be bifurcated and will be tried to the Court, not the jury (*see* Dkt. 64), and therefore, this exhibits should be excluded as it is irrelevant to Plaintiff's hostile work environment claims, and would result in a waste of time and confusion of the issues before the jury, as well as undue prejudice to Defendant.  FRE 401, 403, subject of motion *in limine*. |
| PX-19 | Defendant's January 2015 Rebuttal to Plaintiff's EEOC Charge of Discrimination | Objection – relevance FRE 401, 403, hearsay, FRE 801 |
| PX-20 | Fordham-Tremont Community Mental Heal Center Administrative/Human Resources/Clinical Policies and Procedures Manuals | Objection – Plaintiff's whistleblower retaliation claims under NYLL §741 have been bifurcated and will be tried to the Court, not the jury (*see* Dkt. 64), and therefore, this exhibits should be excluded |

| | | as it is irrelevant to Plaintiff's hostile work environment claims, and would result in a waste of time and confusion of the issues before the jury, as well as undue prejudice to Defendant.  FRE 401, 403, subject of motion *in limine*. |
|---|---|---|

       (b)    Plaintiff objects to Defendant's Proposed Exhibits as follows:

| Exhibit # | Description | Basis for Objection |
|---|---|---|
| **DX-1** | Code of Conduct | No Objection |
| **DX-2** | Collective Bargaining Agreement between St. Barnabas Hospital and 1199SEIU, United Healthcare Workers East, covering the period June 1, 2009 through April 30, 2015 | No Objection |
| **DX-3** | Plaintiff's signed acknowledgment of New Employee Orientation Program dated July 26, 2007 | No Objection |
| **DX-4** | Agenda for New Hire Orientation | No Objection |
| **DX-5** | Plaintiff's signed Acknowledgment of St. Barnabas Hospital's Discrimination and Harassment Policy dated July 26, 2007 | No Objection |
| **DX-6** | Plaintiff's signed Acknowledgment of Receipt of St. Barnabas Hospital's Corporate Compliance Manual and Code of Conduct dated July 26, 2007 | No Objection |

## XII.   DEPOSITION TRANSCRIPT DESIGNATIONS[13]

Plaintiff designates the following deposition testimony from the September 15, 2016 deposition of Edgardo Quinones and reserves the right to use same in her case in chief:

      p. 9:8-9:15

---

[13] Defendant objects to Plaintiff's deposition transcript designations because Edgardo Quinones will be available to testify at trial.  In fact, Plaintiff has subpoenaed Quinones.  The use of Quinones' deposition testimony is the subject of the Hospital's motion *in limine* (Dkt. 65).  Defendant further objects to the designated excerpts because they are hearsay and not relevant.

pp.27:24-32:7

pp. 80:4-85:8

pp. 95:17-97:21

pp. 119:16-120:4

Dated:  New York, New York
        January 2, 2018

NESENOFF & MILTENBERG, LLP                    EPSTEIN BECKER & GREEN, P.C.


By: /s/ Megan S. Goddard _____      By: /s/ David W. Garland _____
      Megan S. Goddard                              David W. Garland
      Gabrielle M. Vinci                            John F. Fullerton III
                                                    Adriana s. Kosovych

363 Seventh Avenue                            250 Park Avenue
New York, New York 10001-3904                 New York, New York  10177-1211
Phone: (212) 736-4500                         Phone: (212) 351-4500
Fax: (212) 736-2260                           Fax: (212) 878-8600
*Attorney for Plaintiff*                      *Attorneys for Defendant*
                                              *St. Barnabas Hospital*



SO ORDERED

New York, New York
Dated:  _____


                                    _____
                                         Hon. Paul G. Gardephe
                                         U.S.D.C