UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUTH DUARTE,

                              Plaintiff,

          - against -

ST. BARNABAS HOSPITAL,

                              Defendant.

15-CV-6824 (PGG)

**PROPOSED AMENDED JOINT PRE-TRIAL ORDER – BENCH TRIAL ON PLAINTIFF'S WHISTLEBLOWER RETALIATION CLAIMS ASSERTED IN THE FIFTH AND SIXTH CAUSES OF ACTION**

The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 16, the following statements, directions and agreements are adopted as the Amended Pre-trial Order herein for the bench trial on Plaintiff's whistleblower retaliation claims asserted in the Fifth and Sixth Causes of Action.

## I.      TRIAL COUNSEL

For Plaintiff:

NESENOFF & MILTENBERG, LLP
Megan S. Goddard, Esq.
Gabrielle M. Vinci, Esq.
363 7th Avenue, 5th Floor
New York, New York 10001
Tel: (212) 736-4500
Fax: (212) 736-2260

JOSEPH & NORINSBERG
Bennitta L. Joseph, Esq.
225 Broadway, Suite 2700
New York, New York 10007
Tel: (212) 227-5700
Fax: (267) 507-1900

For Defendant:

EPSTEIN BECKER & GREEN, P.C.
David W. Garland
John F. Fullerton III

Adriana S. Kosovych
250 Park Avenue
New York, New York  10177-1211
Phone: (212) 351-4500
Fax: (212) 878-8600

## II.     BASIS FOR SUBJECT MATTER JURISDICTION

Plaintiff's remaining claims are brought pursuant to, *inter alia*, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 12101 *et seq*. Accordingly, this Court has original and subject matter jurisdiction over Plaintiff's case in its entirety pursuant to 28 U.S.C. §§ 1331. The state law claims at issue during this proceeding are brought pursuant to New York Labor Law ("NYLL") §§ 740, 741, and 215. This Court, may, in its discretion, exercise supplemental and/or ancillary jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

Defendant agrees that the Court has subject matter jurisdiction over this Action.

## III.    SUMMARY OF CLAIMS AND DEFENSES TO BE TRIED

**(a)     Plaintiff's Statement:**

Plaintiff, Ruth Duarte ("Plaintiff" or "Duarte"), was employed by Defendant St. Barnabas Hospital ("Hospital" or "SBH") as a Clinician in the Fordham Tremont Community Mental Health Center's Reverend David Casella Children's Services Program ("DCCS") from July 2007 until August 2014.

Duarte commenced this action asserting the following causes of action against SBH:

> (i)     Disparate treatment and hostile work environment on the basis of Duarte's national origin, race, gender, and disability in violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e *et seq.*, as amended, the New York State Human Rights Law ("SHRL") N.Y. Exec.

Law § 296 *et seq.*, and the New York City Human Rights Law ("CHRL") N.Y. Admin. Code, § 8-101 *et seq.*;

(ii)     Failure to properly pay wages and overtime compensation in violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-219, and the New York Labor Law ("NYLL");

(iii)    Whistleblower Retaliation in violation of the NYLL § 740/741/215;

(iv)     Interference and Retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; and

(v)      Failure to provide a reasonable accommodation in violation of the SHRL and CHRL.

The following claims have been previously dismissed and/or withdrawn:

(i)      Disparate treatment and hostile work environment on the basis of gender in its entirety;

(ii)     Disparate treatment and hostile work environment on the basis of race in its entirety;

(iii)    Disparate treatment on the basis of Duarte's national origin in their entirety;

(iv)     Disparate treatment on the basis of Duarte's disability in their entirety;

(v)      Retaliation for complaints of discrimination under Title VII, the ADA, the SHRL, and the CHRL;

(vi)     Unpaid overtime and wage claims in their entirety; and

(vii)    Interference and Retaliation claims under the FMLA;

Thus, the following claims are to be tried and determined by the Court:

(i)      Whether Plaintiff can prove by a preponderance of the evidence that she, in good faith, complained to SBH about what she reasonably believed to be an improper quality of patient care?

(ii)     Whether Plaintiff can prove by a preponderance of the evidence that the Hospital knew or should have known of Plaintiff's complaints of fraudulent billing pursuant to New York Labor Law 740?

    (iii)    Whether Plaintiff can prove by a preponderance of evidence that the Hospital knew or should have known of Plaintiff's complaints of improper quality of care pursuant to New York Labor Law 741?

    (iv)    Whether Plaintiff can prove by a preponderance of evidence that the hospital knew or should have known of Plaintiff's complaints of unlawful employment practices pursuant to New York Labor Law 215?

    (v)    Whether Plaintiff can prove by a preponderance of the evidence that Plaintiff was retaliated against for complaining about SBH's improper quality of care?

    (vi)    Whether Plaintiff can prove by a preponderance of the evidence that Plaintiff was retaliated against for complaining about SBH's fraudulent billing practices?

    (vii)    Whether Plaintiff can prove by a preponderance of the evidence that Plaintiff was retaliated against for complaining about SBH's unlawful employment practices?

    (viii)    Whether Defendant can prove by a preponderance of the evidence that Plaintiff intentionally engaged in terminable conduct, which was unknown to Defendant at the time of Plaintiff's termination of employment and discovered after Plaintiff's termination?

    (ix)    Whether Plaintiff can prove by a preponderance of the evidence that any alleged non-retaliatory reasons for her adverse employment actions, including her termination, were mere pretext for retaliation?

Plaintiff alleges that she was subjected to retaliation in the form of, among other things, disciplinary action, suspension of employment, and ultimately terminated from employment. Plaintiff intends to prove her claims at trial through, among other evidence, testimony of several former and current employees of SBH who can testify as to the Hospital's fraudulent billing practices and improper patient care, Plaintiff's opposition thereto, and the unfavorable treatment Plaintiff received as a result.

Moreover, Plaintiff will show that she did not intentionally or knowingly violate any of Defendant's policies, including but not limited to taking without authorization patient records in violation of HIPAA and thus Defendant's "after acquired evidence" defense is inapplicable.

Accordingly, Plaintiff maintains she is entitled to the entry of judgment in her favor on her whistleblower retaliation claims, along with her costs, reasonable attorneys' fees and such other and further relief as the Court deems appropriate.

**(b)     Defendant's Statement:**

Defendant St. Barnabas Hospital ("Hospital" or "SBH") is a New York State not-for-profit hospital that provides state-of-the-art inpatient, ambulatory and preventative care in all areas of medicine at various campuses in the New York City area. Plaintiff Ruth Duarte is a former Clinician of Fordham Tremont Community Mental Health Center's Reverend David Casella Children's Services Program ("DCCS"), which is affiliated with the Hospital.   On August 6, 2014, the Hospital terminated Duarte's employment at DCCS for falsifying patient records.

Duarte commenced this action asserting the following claims against SBH:  (1) disparate treatment and hostile work environment discrimination based on her national origin, disability, race and gender under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq.* and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin. Code, § 8-101 *et seq.*; (2) retaliation under Title VII, the ADA, and the NYCHRL; (3) interference and retaliation under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; (4) whistleblower retaliation in violation of New York Labor Law ("NYLL") § 741; and (5) unpaid wage and overtime claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and NYLL.

The Court previously dismissed Duarte's claims for (1) disparate treatment discrimination under Title VII, the ADA, the NYSHRL and the NYCHRL; (2) hostile work environment under Title VII, the NYSHRL and the NYCHRL, to the extent those claims are premised on gender or race; (3) NYSHRL retaliation; and (4) FMLA interference and retaliation. (*See* Memorandum Opinion & Order dated September 13, 2017, Docket No. 57 ("9/13/17 Memo & Order")). Duarte's claims for unpaid wages and overtime compensation under the FLSA and NYLL were dismissed without prejudice, given her status as an opt-in plaintiff in *Khansari v. St. Barnabas Hospital*, No. 15 Civ. 1803 (PGG). (*See* 9/13/17 Memo & Order; *see also* Docket No. 45). Duarte's hostile work environment claims under Title VII, the ADA, the NYSHRL and the NYCHRL, to the extent they are premised on national origin and disability, are to be tried separately to a jury; the parties have submitted a separate Proposed Joint Pre-Trial Order for the jury trial on those claims. By Stipulation and Order dated December 28, 2017, Duarte voluntarily withdrew her demand for a jury trial on her NYLL § 741 whistleblower retaliation claims, and the parties agreed that the trial should be bifurcated such that the Court decides Duarte's whistleblower retaliation claims under NYLL § 741 asserted in the Fifth and Sixth Causes of Action of the Complaint. (Dkt. 64).

The issues to be tried to the Court are as follows:

1. Whether Duarte can prove by a preponderance of the evidence that she, in good faith, complained to SBH about patient treatment practices that she reasonably believed compromised quality of patient care at the Hospital, as required under New York Labor Law § 741?

2. Whether Duarte can prove by a preponderance of the evidence that SBH retaliated against her by disciplining her or terminating her employment for complaining about the Hospital's patient treatment practices in violation of New York Labor Law § 741?

3. Whether Duarte can prove by a preponderance of the evidence that she is entitled to receive to compensation for her lost wages or benefits she claims to have suffered as a result of the retaliation?

The Hospital denies that it retaliated against Duarte.  The evidence will show that Duarte never engaged in any protected activity during her employment with the Hospital within the meaning of NYLL § 741, nor that there was any causal connection between any complaint she claims to have made and any acts taken by the Hospital with respect to her employment.  The evidence will also establish that (i) the Hospital had legitimate, non-retaliatory grounds to discipline Duarte and ultimately terminate her employment and (ii) these reasons were not pretext for retaliation.

The Hospital also asserts an after-acquired evidence defense.  During discovery, Duarte produced Hospital documents – specifically, notes of supervisory meetings and emails that contain private and confidential patient information – that should not have been in her possession.  Although the parties dispute how Duarte came to possess these documents, she has admitted knowing that she had such documents in her possession and failing to take any action to return them, well before this Action was filed.  SBH will establish that this after acquired evidence provides a separate and independent ground for terminating Duarte's employment, which therefore terminates her eligibility for back pay as of the date of the discovery of the after-acquired evidence.

Accordingly, the Hospital requests the dismissal of all Duarte's whistleblower retaliation claims and the entry of judgment in its favor, along with its costs, reasonable attorneys' fees and such other and further relief as this Court deems appropriate.

## IV.    DAMAGES

Pursuant to NYLL §§ 740/741 and NYLL § 215, Plaintiff seeks reinstatement, backpay, compensation for lost benefits, attorneys' fees, costs, and disbursements in an amount to be determined by the Court.

By Stipulation and Order dated December 28, 2017, Duarte voluntarily withdrew her demand for compensatory damages, punitive damages, declaratory judgment and any relief awarded on her NYLL § 741 whistleblower retaliation claims asserted in the Fifth and Sixth Causes of Action. (Dkt. 64).  Plaintiff specifically reserved her right to seek any relief provided by NYLL §§ 740 or 741.

## V.    JURY/NON-JURY

By Stipulation and Order dated December 28, 2017, Duarte voluntarily withdrew her demand for a jury trial on her Fifth and Sixth Causes of Action, and the parties agreed that the trial should be bifurcated such that the Court decides Duarte's claims of whistleblower retaliation asserted in the Fifth and Sixth Causes of Action of the Complaint.[1]

The parties estimate that the trial will take two (2) to three (3) days.   The parties do not consent to the trial of the case by a magistrate judge.

## VI.    STIPULATED FACTS

The parties stipulate to the following facts:

1.  New York State regulations known as "Part 599" define services, financing and program rules for mental health clinic treatment programs, like DCCS, and set forth

---

[1] Duarte has demanded a jury trial for all of the issues relating to her claims for hostile work environment under Title VII, the ADA, NYSHRL and NYCHRL.  The parties have submitted a separate joint proposed pre-trial order for the jury trial of Plaintiff's claims of hostile work environment. *See* Docket No. 79.

guidelines for patient records, including progress notes, treatment plans and treatment plan reviews ("TPRs").

2. Part 599 also identifies procedure codes for the services provided by clinicians.

3. Part 599 was amended in 2012 (2012-11 N.Y. St. Reg. 20 (effective Mar. 14, 2012).

4. At all relevant times, Edgardo Quinones ("Quinones") was the Director of DCCS.

5. At all relevant times, Milagros Arce ("Arce") was the Assistant Director of DCCS.

6. On July 7, 2007, the Hospital hired plaintiff Ruth Duarte ("Duarte") as a clinician in DCCS.

7. As a clinician, Duarte treated minor patients and provided mental health services, treatment and therapy sessions to minor patients who came in to DCCS.

8. When a minor patient was referred to Duarte, one of her responsibilities was to conduct an intake, which included interviewing the patient and gathering, analyzing and evaluating data collected relating to the patient's psychosocial problems, current mental status and functioning (referred to as a "biopsychosocial").

9. Among other responsibilities, Duarte also was responsible for identifying and then providing the appropriate therapeutic services, whether on an individual therapy session, family therapy session, collateral therapy session or group therapy session basis.

10. Duarte was responsible for scheduling her own patient sessions and reaching out to patients and their families to follow up on scheduled appointments.

11. All clinicians have a target "level of service" of forty (40) face-to-face patient contacts of at least thirty (30) minutes each week, which can include one-on-one therapy sessions with the individual patient (an "individual" session); group therapy

sessions; and meetings with a patient's family members with or without the patient (a "family" session or "collateral" session, respectively).

12. A progress note must be completed for every face-to-face contact with a patient.

13. Progress notes must be completed by noon the day after the clinician meets with the patient.

14. Every ninety days, clinicians must review and update the treatment plan for each patient and create a treatment plan review ("TPR") based on their assessment of the patient, which contains the patient's diagnosis, summary of services, and goals and objectives for the patient. (14 NYCRR 599.10(i)-(j)).

15. Around June 2013, the Hospital implemented Electronic Medical Records ("EMR") software that permitted clinicians to (among other things) record treatment plans and progress notes electronically.

16. Duarte attended weekly supervision meetings in which she discussed cases, identified patient issues and potential discharges, reviewed levels of service, and reviewed progress notes and TPRs with a supervisor.

17. Following a supervisory meeting between Duarte and Arce on November 5, 2013, Arce implemented an action plan that Duarte would: (1) schedule twelve patients per day; (2) receive more intake time to build up her case load; and (3) have her computer replaced so that Duarte could complete her paperwork more efficiently.

18. On August 6, 2014, the Hospital terminated Duarte's employment.

19. The reason given by the Hospital to Duarte for the termination was that she falsified patient records.

## VII.   PLAINTIFF'S WITNESS LIST

The following is a list of witnesses Plaintiff may call in its case-in-chief.  Each witness listed will testify in person.

1. Ruth Duarte, Plaintiff;

2. Milagros Arce-Tomala, then Assistant Director of the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital;

3. Edgardo Quinones, former Director of the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital;

4. Wayne Webb, Assistant Vice President of Human Resources at St. Barnabas Hospital;

5. Rosa Torres, Clinician in the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital;

6. Carmen Lopez, former Clinician in the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital;

7. Michael Gonzalez, former Clinician in the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital;

8. Sylvia Dolman, former Clinician in the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital;

9. Joseph Norris, Union Organizer of 1199SEIU, United Healthcare Workers East;[2]

10. Rita Russell, then Administrative Assistant in the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital;

11. Marcie Van Hoven, Plaintiff's former Union Representative;[3]

---

[2] Defendant objects to Plaintiff's designation of Joseph Norris as a witness on the ground that he has no testimony of probative value to offer.

12. Patricia Small, former Director of the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital[4]

Duarte reserves the right to introduce the deposition testimony of Milagros Arce-Tomala, Rosa Torres, Edgardo Quinones, and Wayne Webb to the extent inconsistent with their trial testimony or needed to prove Plaintiff's case-in-chief. Additionally, Plaintiff reserves the right introduce the deposition testimony of Edgardo Quinones, Sylvia Dolman, and Michael Gonzalez, taken in the matter <u>Khansari v. St. Barnabas Hospital</u>, No. 15 Civ. 1803 (PGG).

Additionally, Duarte also reserves her right to call any witness identified by SBH and to call additional witnesses for rebuttal purposes, if necessary.

## VIII.   DEFENDANT'S WITNESS LIST

The following is a list of witnesses SBH may call in its case-in-chief.[5]

1. Milagros Arce-Tomala, then Assistant Director of the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital

2. Edgardo Quinones, former Director of the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital

3. Cassandra Andrews-Jackson, Compliance Officer, St. Barnabas Hospital[6]

---

[3] Defendant objects to Plaintiff's designation of Marcie Van Hoven as a witness on the ground that she has no testimony of probative value to offer.

[4] Defendant objects to Plaintiff's designation of Patricia Small as a witness on the ground that she has no testimony of probative value to offer.

[5] Defendant will be responding to Plaintiff's objections listed in footnotes 4 through 8, *supra*, in its opposition to Plaintiff's Motion *in Limine* filed at Docket No. 65 and other motion Plaintiff may file to preclude these witnesses.

[6] Plaintiff objects to Defendant's designation of Cassandra Andrews-Jackson as a witness. In violation of Rule 26 of the Federal Rules of Civil Procedure, Defendant never previously disclosed Ms. Andrews-Jackson as a potential witness in either SBH's Initial Disclosures or in Defendant's Interrogatory Responses and has provided no indication of what Ms. Andrews-

4. Michael Martin, Clinician in the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital[7]

5. Denise Ruiz, Receptionist in the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital

6. Rita Russell, then Administrative Assistant in the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital[8]

7. Michael Gonzalez, former Clinician in the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital[9]

8. Sylvia Dolman, former Clinician in the Children's Services program, Fordham Tremont Community Mental Health Center, Reverend David Casella Children's Services Program, St. Barnabas Hospital[10]

---

Jackson will testify about, nor has Defendant provided contact information for this witness, as required under Rule 26. Plaintiff intends to file a motion *in limine* to preclude any testimony by Ms. Andrews-Jackson in Defendant's case-in-chief.

[7] Plaintiff objects to Defendant's designation of Michael Martin as a witness.  In violation of Rule 26 of the Federal Rules of Civil Procedure, Defendant never previously disclosed Mr. Martin as a potential witness in either SBH's Initial Disclosures or in Defendant's Interrogatory Responses and has provided no indication of what Mr. Martin will testify about, nor has Defendant provided contact information for this witness, as required under Rule 26. Plaintiff has filed a motion *in limine* to preclude any testimony by Mr. Martin in Defendant's case-in-chief.

[8] Plaintiff objects to Defendant's designation of Rita Russell as a witness.  In violation of Rule 26 of the Federal Rules of Civil Procedure, Defendant never previously disclosed Ms. Russell as a potential witness in either SBH's Initial Disclosures or in Defendant's Interrogatory Responses and has provided no indication of what Ms. Russell will testify about, nor has Defendant provided contact information for this witness, as required under Rule 26. Plaintiff has filed motion *in limine* to preclude any testimony by Ms. Russell in Defendant's case-in-chief.

[9] Plaintiff objects to Defendant's designation of Michael Gonzalez as a witness.  In violation of Rule 26 of the Federal Rules of Civil Procedure, Defendant never previously disclosed Mr. Gonzalez as a potential witness in either SBH's Initial Disclosures or in Defendant's Interrogatory Responses and has provided no indication of what Mr. Gonzalez will testify about, nor has Defendant provided contact information for this witness, as required under Rule 26. Plaintiff has filed a motion *in limine* to preclude any testimony by Mr. Gonzalez in Defendant's case-in-chief.

The Hospital reserves the right to introduce excerpts of Duarte's deposition testimony on cross-examination to the extent inconsistent with her trial testimony or needed to prove the Hospital's defenses.  The Hospital also reserves the right to introduce deposition testimony of Rosa Torres, Michael Gonzalez, and Sylvia Dolman on cross-examination to the extent inconsistent with her trial testimony or needed to prove the Hospital's defenses.  Additionally, the Hospital also reserves its right to call any witness identified by Duarte and to call additional witnesses for rebuttal purposes if necessary.

## IX.      PLAINTIFF'S DEPOSITION DESIGNATIONS

In accordance with Honorable Judge Gardephe's Individual Rules and Order dated January 8, 2018, Plaintiff shall separately submit, and/or amend this portion of the Proposed Joint Pre-Trial Order to include, deposition designations, if any, with copies and summaries thereof, on or before January 12, 2018.  In response to any deposition testimony designated by Defendant, Plaintiff reserves the right to introduce additional deposition testimony to put Defendant's designated testimony in context and to offer cross-designations to any deposition designations submitted by Defendant.

## X.      DEFENDANT'S DEPOSITION DESIGNATIONS

In accordance with Honorable Judge Gardephe's Individual Rules and Order dated January 8, 2018, Defendant shall separately submit, and/or amend this portion of the Proposed Joint Pre-Trial Order to include, deposition designations, if any, with copies and summaries

---

[10] Plaintiff objects to Defendant's designation of Sylvia Dolman as a witness.  In violation of Rule 26 of the Federal Rules of Civil Procedure, Defendant never previously disclosed Ms. Dolman as a potential witness in either SBH's Initial Disclosures or in Defendant's Interrogatory Responses and has provided no indication of what Ms. Dolman will testify about, nor has Defendant provided contact information for this witness, as required under Rule 26. Plaintiff has filed a motion *in limine* to preclude any testimony by Ms. Dolman in Defendant's case-in-chief.

thereof, on or before January 12, 2018.  In response to any deposition testimony designated by Plaintiff, Defendant reserves the right to introduce additional deposition testimony to put Plaintiff's designated testimony in context and to offer cross-designations to any deposition designations submitted by Plaintiff.

## XI.    PLAINTIFF'S EXHIBITS[11]

No exhibit not listed below may be used at trial except (a) for cross-examination purposes or (b) if good cause for its exclusion from the pre-trial order is shown.

Plaintiff reserves the right to: (1) offer all or any portion of any exhibit listed below, including substituting an exhibit for a cleaner copy if one exists; (2) offer and use any of the exhibits listed herein for more than one purpose; (3) not to offer any of the exhibits listed herein; (4) offer any exhibit designated on SBH's exhibit list, whether or not offered by SBH; (5) offer additional exhibits at trial for purposes of cross-examination, impeachment or rehabilitation; (6) offer additional exhibits on rebuttal; and (7) offer documents produced by SBH during the trial, if any, that have not yet been produced.

| Exhibit # | Description | Bates Stamp |
|---|---|---|
| PX-1 | Collective Bargaining Agreement between St. Barnabas Hospital and 1199SEIU, United Healthcare Workers East, covering the period June 1, 2009 through April 30, 2015 | SBH000001-000192 |
| PX-2 | Letter Dated September 24, 2014 re: Suspension and Termination of Ruth Duarte | SBH000208 |
| PX-3 | Letter dated August 12, 2014 re: Step Three Grievance – Ruth Duarte | SBH000219 |
| PX-4 | Letter dated August 7, 2014 re: Plaintiff's termination | SBH000223 |
| PX-5 | Letter dated July 18, 2014 re: Plaintiff's suspension | SBH000229 |
| PX-6 | Defendants' Answer to Plaintiff's Amended Complaint | |
| PX-7 | Defendants' Response to Plaintiff's First Set of Document Demands | |
| PX-8 | Defendants' Response to Plaintiff's First Set of Interrogatories | |

---

[11] Defendant's objections to Duarte's exhibits are set forth in Section XI(a).

| PX-9 | Plaintiff's 2013 Performance Evaluation, dated October 15, 2013 | SBH000281-SBH000288 |
|------|------|------|
| PX-10 | Plaintiff's 2012 Performance Evaluation, dated September 25, 2012 | SBH001061-SBH001068 |
| PX-11 | Plaintiff's 2010 Performance Evaluation, dated September 29, 2010 | SBH000301-SBH000310 |
| PX-12 | Plaintiff's Comments to 2010 Performance Evaluation | SBH000308 |
| PX-13 | Plaintiff's 2009 Performance Evaluation, dated October 23, 2009 | SBH000311-SBH000319 |
| PX-14 | Plaintiff's 2008 Performance Evaluation, dated July 30, 2008 | SBH000320-SBH000327 |
| PX-15 | Plaintiff's Orientation Questionnaire | SBH000328-SBH000329 |
| PX-16 | Plaintiff's Probationary Evaluation, dated July 9, 2007 | SBH000330-SBH000331 |
| PX-17 | Plaintiff's 6-month evaluation, dated March 25, 2008 | SBH000334 |
| PX-18 | Plaintiff's 2011 Performance Evaluation, dated September 13, 2011 | SBH000337-SBH000345 |
| PX-19 | Plaintiff's rebuttal to her 2011 Performance Evaluation | SBH000346 |
| PX-20 | Defendant's January 2015 Rebuttal to Plaintiff's EEOC Charge of Discrimination | SBH000417-000486 |
| PX-21 | Plaintiff's Official Warning Notice – Termination, dated August 6, 2014 | SBH000632-SBH000633 |
| PX-22 | Plaintiff's Official Warning Notice – Written Warning, dated March 5, 2014 | SBH000634-SBH000636 |
| PX-23 | Plaintiff's Official Warning Notice – Two Day suspension, dated July 15, 2014 | SBH000649-SBH000650 |
| PX-24 | SBH's Code of Conduct | SBH000449-000470 |
| PX-25 | SBH Employee Handbook, dated January 1, 2013 | SBH000874-SBH000903 |
| PX-26 | SBH's Comprehensive Treatment Plan and Treatment Plan Review | SBH000904 |
| PX-27 | SBH Health System Behavioral Health – CTP and TPR Policy | SBH000905-SBH000907 |
| PX-28 | SBH's 409: Rules of Conduct/Disciplinary Action | SBH000915-SBH000919 |
| PX-29 | Fordham-Tremont Community Mental Health Center Administrative/Human Resources/Clinical Policies and Procedures Manuals | SBH000920-000951 |
| PX-30 | Plaintiff's Earnings Statements 2007-2011 | SBH000958-SBH000959, SBH000973 |
| PX-31 | Plaintiff's Summary Earning Statements 2012-2014 | SBH000961-SBH000964 |
| PX-32 | Plaintiff's 2014 W-2 form | SBH000965 |

| PX-33 | Plaintiff's 2013 W-2 form | SBH000966 |
|-------|---------------------------|-----------|
| PX-34 | Plaintiff's 2012 W-2 form | SBH000967 |
| PX-35 | Plaintiff's 2011 W-2 form | SBH000968 |
| PX-36 | Plaintiff's 2010 W-2 form | SBH000969 |
| PX-37 | Plaintiff's 2009 W-2 form | SBH000970 |
| PX-38 | New Hire Orientation Agenda | SBH001018 |
| PX-39 | Supervisory Note dated April 1, 2014 | SBH001023 |
| PX-40 | Supervisory Note dated March 26, 2014 | SBH001024 |
| PX-41 | Supervisory Note dated April 16, 2014 | SBH001025 |
| PX-42 | Supervisory Note dated April 23, 2014 | SBH001026 |
| PX-43 | Supervisory Note dated May 1, 2014 | SBH001027 |
| PX-44 | Supervisory Note dated May 8, 2014 | SBH001028 |
| PX-45 | Supervisory Note dated May 15, 2014 | SBH001029 |
| PX-46 | Supervisory Note dated May 22, 2014 | SBH001030 |
| PX-47 | Supervisory Note dated May 29, 2014 | SBH001031 |
| PX-48 | Supervisory Note dated June 5, 2014 | SBH001032 |
| PX-49 | Supervisory Note dated June 19, 2014 | SBH001033 |
| PX-50 | Supervisory Note dated June 3, 2014 | SBH001034 |
| PX-51 | Supervisory Note dated June 26, 2014 | SBH001035 |
| PX-52 | Supervisory Note dated November 13, 2013 | SBH001039 |
| PX-53 | Supervisory Note dated November 27, 2013 | SBH001040 |
| PX-54 | Supervisory Note dated November 5, 2013 | SBH001041 |
| PX-55 | Memorandum dated November 11, 2013 re: Action plan to increase productivity (LOS) | SBH001042 |
| PX-56 | Supervisory Note dated December 4, 2013 | SBH001043 |
| PX-57 | Supervisory Note dated January 28, 2014 | SBH001044 |
| PX-58 | Supervisory Note dated February 12, 2014 | SBH001045 |
| PX-59 | Supervisory Note dated February 19, 2014 | SBH001046 |
| PX-60 | Supervisory Note dated February 26, 2014 | SBH001047 |
| PX-61 | Handwritten Notes dated March 12, 2013 | SBH001048 |
| PX-62 | Supervisory Note dated March 19, 2014 | SBH001049 |
| PX-63 | Email corr between Plaintiff and Milagros re: cancelled visits | SBH001054 |
| PX-64 | Supervisory Note dated July 31, 2014 | SBH001055-SBH001056 |
| PX-65 | Plaintiff's Rebuttal to November 20, 2013 disciplinary notice | SBH001057 |
| PX-66 | Email corr between Plaintiff and Milagros re: patient reschedule during official warning days | SBH001058-SBH001059 |
| PX-67 | Official Warning Notice – Verbal Warning, dated November 20, 2013 | SBH001072-SBH001073 |

| PX-68 | Laser Arc Registration Log | SBH000873 |
| PX-69 | Progress Note for Patient A dated July 30, 2014 at 9:00 a.m. | SBH001052-0001053 |
| PX-70 | Progress Note for Patient B dated July 30, 2014 at 10:30 a.m. | SBH000869-000870 |
| PX-71 | Progress Note for Patient A dated July 30, 2014 at 9:30 a.m. | SBH0001071 |
| PX-72 | December 11, 2012 Memo re: Grievances | P Supplemental00019 – P Supplemental00021 |
| PX-73 | April 1, 2013 Grievance | P Supplemental00022 – P Supplemental00023 |
| PX-74 | Email corr between Plaintiff and Patricia Small | P00061 |
| PX-75 | Defendant's Supplemental Document Production, letter dated August 18, 2016 | |
| PX-76 | Defendant's Supplemental Document Production, letter dated August 19, 2016 | |
| PX-77 | Job Requirements and Signed Acknowledgement from Plaintiff | SBH0000408-SBH0000409 |
| PX-78 | Plaintiff's Deposition Notice to Defendant St. Barnabas Hospital pursuant to FRCP 30(b)(6), dated May 31, 2016 | |
| PX-79 | Defendant's Response and Objections to Plaintiff's Deposition Notice to Defendant St. Barnabas Hospital pursuant to FRCP 30(b)(6), dated July 18, 2016 | |

## XII.   DEFENDANT'S EXHIBITS

No exhibit not listed below may be used at trial except (a) for cross-examination purposes or (b) if good cause for its exclusion from the pre-trial order is shown.

SBH reserves the right to: (1) offer all or any portion of any exhibit listed below, including substituting an exhibit for a cleaner copy if one exists; (2) offer and use any of the exhibits listed herein for more than one purpose; (3) not to offer any of the exhibits listed herein; (4) offer any exhibit designated on Duarte's exhibit list, whether or not offered by Duarte; (5) offer additional exhibits at trial for purposes of cross-examination, impeachment or rehabilitation; (6) offer additional exhibits on rebuttal; and (7) offer documents produced by Duarte during the trial, if any, that have not yet been produced.

**Documents for Defendant's Case in Chief:**[12]

| Exhibit # | Description | Bates Stamp |
|---|---|---|
| **DX-A** | Code of Conduct | SBH000449-000470 |
| **DX-B** | Employee Handbook, effective January 1, 2014 | SBH000471-000486 |
| **DX-C** | Agenda for New Hire Orientation | SBH0001018 |
| **DX-D** | Plaintiff's signed acknowledgment of New Employee Orientation Program dated July 26, 2007 | SBH001020 |
| **DX-E** | Orientation Questionnaire signed by Plaintiff on July 26, 2007 | SBH000376-000377 |
| **DX-F** | Checklist for Departmental Orientation for New Employees signed and initialed by Plaintiff on April 24, 2008 | SBH000332-000333 |
| **DX-G** | Plaintiff's signed Acknowledgment of Receipt of St. Barnabas Hospital's Corporate Compliance Manual and Code of Conduct dated July 26, 2007 | SBH0001021 |
| **DX-H** | Collective Bargaining Agreement between St. Barnabas Hospital and 1199SEIU, United Healthcare Workers East, covering the period June 1, 2009 through April 30, 2015 | SBH000001-000191 |
| **DX-I** | Administrative/Human Resources/Clinical Policies and Procedures Manual | SBH000920-000957 |
| **DX-J** | Plaintiff's 2011 Year-End Performance Evaluation | SBH000337-000346 |
| **DX-K** | Plaintiff's 2012 Year-End Performance Evaluation | SBH001061-001066 |
| **DX-L** | Plaintiff's 2013 year-end Performance Evaluation | SBH000281-000288 |
| **DX-M** | Action Plan to Increase Productivity dated November 11, 2013 | SBH001042 |
| **DX-N** | Supervisory Session Notes dated November 13, 2013 | SBH001039 |
| **DX-O** | Verbal Warning to Plaintiff dated November 20, 2013 | SBH001072-001073 |
| **DX-P** | Supervisory Session Notes dated February 12, 2014 | SBH001045 |
| **DX-Q** | Supervisory Session Notes dated February 19, 2014 | SBH001046 |
| **DX-R** | Supervisory Session Notes dated February 26, 2014 | SBH001047 |

[12] Documents containing confidential patient information have been redacted to protect patient confidentiality.

| | | |
|---|---|---|
| **DX-S** | Written Warning to Plaintiff dated March 5, 2014 | SBH000634-000636 |
| **DX-T** | Supervisory Session Notes dated June 26, 2014 | SBH0001035 |
| **DX-U** | Two-Day Suspension Notice to Plaintiff dated July 15, 2014 | SBH000649-000650 |
| **DX-V** | Page from Plaintiff's Time Record showing when Plaintiff served two-day suspension | SBH0001079 |
| **DX-W** | Progress Note for Patient A dated July 30, 2014 at 9:00 a.m. | SBH001052-0001053 |
| **DX-X** | Progress Note for Patient B dated July 30, 2014 at 10:30 a.m. | SBH000869-000870 |
| **DX-Y** | Progress Note for Patient A dated July 30, 2014 at 9:30 a.m. | SBH0001071 |
| **DX-Z** | Laser Arc Patient Registration Report for July 30, 2014 | SBH000873 |
| **DX-AA** | Supervisory Session Notes dated July 31, 2014 | SBH001055-001056 |
| **DX-BB** | Notice of Termination of Plaintiff's Employment dated August 6, 2014 | P Supplemental 0001-0002 |
| **DX-CC** | Client Complaint dated November 11, 2011 | SBH001036 |
| **DX-DD** | Client Complaint [undated] | SBH001037 |
| **DX-EE** | List of Items Returned to Plaintiff Post-Termination of Employment | SBH001082 |
| **DX-FF** | Emails Containing Confidential Patient Information | P Supplemental 0005-0007 |
| **DX-GG** | Supervisory Session Notes dated November 5, 2013 | SBH001041 |
| **DX-HH** | Supervisory Session Note dated December 4, 2013 | SBH001043 |
| **DX-II** | Supervisory Session Note dated January 28, 2013 | SBH001044 |
| **DX-JJ** | Employee Handbook, effective January 1, 2013 | SBH000874-000903 |
| **DX-KK** | Employee Handbook, effective December 31, 2008 (relevant excerpts) | SBH000431-000433 |
| **DX-LL** | Supervisory Session Notes and Emails Produced by Plaintiff *(confidential patient information redacted by Defendant)* | |

### XIII.   STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

Any objections not set forth herein will be considered waived absent good cause shown.

(a).      Defendant objects to Plaintiff's Proposed Exhibits as follows[13]:

| Exhibit # | Description | Bates Stamp | Basis for Objection |
|---|---|---|---|
| PX-1 | Collective Bargaining Agreement between St. Barnabas Hospital and 1199SEIU, United Healthcare Workers East, covering the period June 1, 2009 through April 30, 2015 | SBH000001-000192 | No Objection. |
| PX-2 | Letter Dated September 24, 2014 re: Suspension and Termination of Ruth Duarte | SBH000208 | Objection, relevance, FRE 403 |
| PX-3 | Letter dated August 12, 2014 re: Step Three Grievance – Ruth Duarte | SBH000219 | Objection, relevance, FRE 403 |
| PX-4 | Letter dated August 7, 2014 re: Plaintiff's termination | SBH000223 | Objection, relevance, FRE 403 |
| PX-5 | Letter dated July 18, 2014 re: Plaintiff's suspension | SBH000229 | Objection, relevance, FRE 403 |
| PX-6 | Defendants' Answer to Plaintiff's Amended Complaint | | Objection, to the extent Plaintiff offers the Answer for any purpose other than admissions contained therein – relevance, FRE 401, 403, Hearsay, FRE 801 |
| PX-7 | Defendants' Response to Plaintiff's First Set of Document Demands | | Objection, relevance – FRE 401, 403, Hearsay, FRE 801 |
| PX-8 | Defendants' Response to Plaintiff's First Set of Interrogatories | | Objection, to the extent Plaintiff offers the Answer for any purpose other than admissions contained therein – relevance, FRE 401, 403, Hearsay, FRE 801 |

---

[13] Defendant's *In Limine* Motion further addresses its objections to certain of Plaintiff's proposed exhibits.

| PX-9 | Plaintiff's 2013 Performance Evaluation, dated October 15, 2013 | SBH000281-SBH000288 | No Objection. |
|---|---|---|---|
| PX-10 | Plaintiff's 2012 Performance Evaluation, dated September 25, 2012 | SBH001061-SBH001068 | No Objection. |
| PX-11 | Plaintiff's 2010 Performance Evaluation, dated September 29, 2010 | SBH000301-SBH000310 | Objection, relevance – FRE 401, 403, FRE, FRE 801 |
| PX-12 | Plaintiff's Comments to 2010 Performance Evaluation | SBH000308 | Objection, relevance – FRE 401, 403, Hearsay, FRE 801 |
| PX-13 | Plaintiff's 2009 Performance Evaluation, dated October 23, 2009 | SBH000311-SBH000319 | Objection, relevance – FRE 401, 403, Hearsay, FRE 801 |
| PX-14 | Plaintiff's 2008 Performance Evaluation, dated July 30, 2008 | SBH000320-SBH000327 | Objection, relevance – FRE 401, 403, Hearsay, FRE 801 |
| PX-15 | Plaintiff's Orientation Questionnaire | SBH000328-SBH000329 | No Objection. |
| PX-16 | Plaintiff's Probationary Evaluation, dated July 9, 2007 | SBH000330-SBH000331 | Objection, relevance – FRE 401, 403, Hearsay, FRE 801 |
| PX-17 | Plaintiff's 6-month evaluation, dated March 25, 2008 | SBH000334 | Objection, relevance – FRE 401, 403, Hearsay, FRE 801 |
| PX-18 | Plaintiff's 2011 Performance Evaluation, dated September 13, 2011 | SBH000337-SBH000345 | No Objection. |
| PX-19 | Plaintiff's rebuttal to her 2011 Performance Evaluation | SBH000346 | Objection, relevance – FRE 401, 403, Hearsay, FRE 801 |
| PX-20 | Defendant's January 2015 Rebuttal to Plaintiff's EEOC Charge of Discrimination | SBH000417-000486 | Objection, relevance – FRE 401, 403, Hearsay, FRE 801 |
| PX-21 | Plaintiff's Official Warning Notice – Termination, dated August 6, 2014 | SBH000632-SBH000633 | No Objection. |
| PX-22 | Plaintiff's Official Warning Notice – Written Warning, dated March 5, 2014 | SBH000634-SBH000636 | No Objection. |
| PX-23 | Plaintiff's Official Warning Notice – Two | SBH000649-SBH000650 | No Objection. |

|  | Day suspension, dated July 15, 2014 | | |
|---|---|---|---|
| **PX-24** | SBH's Code of Conduct | SBH000449-000470 | No Objection. |
| **PX-25** | SBH Employee Handbook, dated January 1, 2013 | SBH000874-SBH000903 | No Objection. |
| **PX-26** | SBH's Comprehensive Treatment Plan and Treatment Plan Review | SBH000904 | No Objection. |
| **PX-27** | SBH Health System Behavioral Health – CTP and TPR Policy | SBH000905-SBH000907 | No Objection. |
| **PX-28** | SBH's 409: Rules of Conduct/Disciplinary Action | SBH000915-SBH000919 | No Objection. |
| **PX-29** | Fordham-Tremont Community Mental Health Center Administrative/Human Resources/Clinical Policies and Procedures Manuals | SBH000920-000951 | No Objection. |
| **PX-30** | Plaintiff's Earnings Statements 2007-2011 | SBH000958-SBH000959, SBH000973 | No Objection. |
| **PX-31** | Plaintiff's Summary Earning Statements 2012-2014 | SBH000961-SBH000964 | No Objection |
| **PX-32** | Plaintiff's 2014 W-2 form | SBH000965 | No Objection. |
| **PX-33** | Plaintiff's 2013 W-2 form | SBH000966 | No Objection. |
| **PX-34** | Plaintiff's 2012 W-2 form | SBH000967 | No Objection. |
| **PX-35** | Plaintiff's 2011 W-2 form | SBH000968 | No Objection. |
| **PX-36** | Plaintiff's 2010 W-2 form | SBH000969 | No Objection. |
| **PX-37** | Plaintiff's 2009 W-2 form | SBH000970 | No Objection. |
| **PX-38** | New Hire Orientation Agenda | SBH001018 | No Objection. |
| **PX-39** | Supervisory Note dated April 1, 2014 | SBH001023 | No Objection. |
| **PX-40** | Supervisory Note dated March 26, 2014 | SBH001024 | No Objection. |
| **PX-41** | Supervisory Note dated April 16, 2014 | SBH001025 | No Objection. |
| **PX-42** | Supervisory Note dated April 23, 2014 | SBH001026 | No Objection. |
| **PX-43** | Supervisory Note dated May 1, 2014 | SBH001027 | No Objection. |

| PX-44 | Supervisory Note dated May 8, 2014 | SBH001028 | No Objection. |
|-------|-----------------------------------|-----------|---------------|
| PX-45 | Supervisory Note dated May 15, 2014 | SBH001029 | No Objection. |
| PX-46 | Supervisory Note dated May 22, 2014 | SBH001030 | No Objection. |
| PX-47 | Supervisory Note dated May 29, 2014 | SBH001031 | No Objection. |
| PX-48 | Supervisory Note dated June 5, 2014 | SBH001032 | No Objection. |
| PX-49 | Supervisory Note dated June 19, 2014 | SBH001033 | No Objection. |
| PX-50 | Supervisory Note dated June 3, 2014 | SBH001034 | No Objection. |
| PX-51 | Supervisory Note dated June 26, 2014 | SBH001035 | No Objection. |
| PX-52 | Supervisory Note dated November 13, 2013 | SBH001039 | No Objection. |
| PX-53 | Supervisory Note dated November 27, 2013 | SBH001040 | No Objection. |
| PX-54 | Supervisory Note dated November 5, 2013 | SBH001041 | No Objection. |
| PX-55 | Memorandum dated November 11, 2013 re: Action plan to increase productivity (LOS) | SBH001042 | No Objection. |
| PX-56 | Supervisory Note dated December 4, 2013 | SBH001043 | No Objection. |
| PX-57 | Supervisory Note dated January 28, 2014 | SBH001044 | No Objection. |
| PX-58 | Supervisory Note dated February 12, 2014 | SBH001045 | No Objection. |
| PX-59 | Supervisory Note dated February 19, 2014 | SBH001046 | No Objection. |
| PX-60 | Supervisory Note dated February 26, 2014 | SBH001047 | No Objection. |
| PX-61 | Handwritten Notes dated March 12, 2013 | SBH001048 | No Objection. |
| PX-62 | Supervisory Note dated March 19, 2014 | SBH001049 | No Objection. |
| PX-63 | Email corr between Plaintiff and Milagros re: cancelled visits | SBH001054 | Objection, relevance – FRE 401, 403, Hearsay, FRE 801. |
| PX-64 | Supervisory Note dated July 31, 2014 | SBH001055-SBH001056 | No Objection. |

| PX-65 | Plaintiff's Rebuttal to November 20, 2013 disciplinary notice | SBH001057 | Objection, relevance – FRE 401, 403, Hearsay, FRE 801 |
|---|---|---|---|
| PX-66 | Email corr between Plaintiff and Milagros re: patient reschedule during official warning days | SBH001058-SBH001059 | Objection, relevance – FRE 401, 403, Hearsay, FRE 801. |
| PX-67 | Official Warning Notice – Verbal Warning, dated November 20, 2013 | SBH001072-SBH001073 | No Objection. |
| PX-68 | Laser Arc Registration Log | SBH000873 | No Objection. |
| PX-69 | Progress Note for Patient A dated July 30, 2014 at 9:00 a.m. | SBH001052-0001053 | No Objection. |
| PX-70 | Progress Note for Patient B dated July 30, 2014 at 10:30 a.m. | SBH000869-000870 | No Objection. |
| PX-71 | Progress Note for Patient A dated July 30, 2014 at 9:30 a.m. | SBH0001071 | No Objection. |
| PX-72 | December 11, 2012 Memo re: Grievances | P Supplemental00019 – P Supplemental00021 | Objection, relevance – FRE 401, 403, Hearsay, FRE 801. Subject to Defendant's motion *in limine* (Dkt. No. 65). |
| PX-73 | April 1, 2013 Grievance | P Supplemental00022 – P Supplemental00023 | Objection, relevance – FRE 401, 403, Hearsay, FRE 801. Subject to Defendant's motion *in limine* (Dkt. No. 65). |
| PX-74 | Email corr between Plaintiff and Patricia Small | P00061 | Objection, relevance – FRE 401, 403, Hearsay, FRE 801. |
| PX-75 | Defendant's Supplemental Document Production, letter dated August 18, 2016 | | Object to the extent that Plaintiff offers the Answer for any purpose other than admissions contained therein – relevance FRE 401, 403, hearsay, FRE 801, best evidence – FRE 1002 |
| PX-76 | Defendant's Supplemental Document Production, letter dated August 19, 2016 | | Object to the extent that Plaintiff offers the Answer for any purpose other than admissions contained therein – relevance FRE 401, 403, hearsay, FRE 801, best evidence – FRE 1002 |

| **PX-77** | Job Requirements and Signed Acknowledgement from Plaintiff | SBH0000408-SBH0000409 | No Objection. |
| **PX-78** | Plaintiff's Deposition Notice to Defendant St. Barnabas Hospital pursuant to FRCP 30(b)(6), dated May 31, 2016 | | Object to the extent that Plaintiff offers the Answer for any purpose other than admissions contained therein – relevance FRE 401, 403, hearsay, FRE 801, best evidence – FRE 1002 |
| **PX-79** | Defendant's Response and Objections to Plaintiff's Deposition Notice to Defendant St. Barnabas Hospital pursuant to FRCP 30(b)(6), dated July 18, 2016 | | Object to the extent that Plaintiff offers the Answer for any purpose other than admissions contained therein – relevance FRE 401, 403, hearsay, FRE 801, best evidence – FRE 1002 |

(b).   Plaintiff objects to Defendant's Proposed Exhibits as follows:

| **Exhibit #** | **Description** | **Bates Stamp** | **Basis for Objection** |
|---|---|---|---|
| **DX-A** | Code of Conduct | SBH000449-000470 | No Objection. |
| **DX-B** | Employee Handbook, effective January 1, 2014 | SBH000471-000486 | No Objection. |
| **DX-C** | Agenda for New Hire Orientation | SBH0001018 | No Objection. |
| **DX-D** | Plaintiff's signed acknowledgment of New Employee Orientation Program dated July 26, 2007 | SBH001020 | Objection – relevance FRE 401, 403; |
| **DX-E** | Orientation Questionnaire signed by Plaintiff on July 26, 2007 | SBH000376-000377 | Objection – relevance FRE 401, 403; lack of foundation FRE 901 |
| **DX-F** | Checklist for Departmental Orientation for New Employees signed and initialed by Plaintiff on April 24, 2008 | SBH000332-000333 | Objection – relevance FRE 401, 403; lack of foundation FRE 901 |
| **DX-G** | Plaintiff's signed Acknowledgment of Receipt of St. Barnabas Hospital's Corporate Compliance Manual and Code of Conduct dated July 26, 2007 | SBH0001021 | Objection – relevance FRE 401, 403 |
| **DX-H** | Collective Bargaining Agreement between St. Barnabas Hospital and 1199SEIU, United Healthcare Workers East, covering the period | SBH000001-000191 | No Objection. |

|  | June 1, 2009 through April 30, 2015 |  |  |
|---|---|---|---|
| **DX-I** | Administrative/Human Resources/Clinical Policies and Procedures Manual | SBH000920-000957 | No Objection. |
| **DX-J** | Plaintiff's 2011 Year-End Performance Evaluation | SBH000337-000346 | No Objection. |
| **DX-K** | Plaintiff's 2012 Year-End Performance Evaluation | SBH001061-001066 | No Objection. |
| **DX-L** | Plaintiff's 2013 year-end Performance Evaluation | SBH000281-000288 | No Objection. |
| **DX-M** | Action Plan to Increase Productivity dated November 11, 2013 | SBH001042 | No Objection. |
| **DX-N** | Supervisory Session Notes dated November 13, 2013 | SBH001039 | No Objection. |
| **DX-O** | Verbal Warning to Plaintiff dated November 20, 2013 | SBH001072-001073 | No Objection. |
| **DX-P** | Supervisory Session Notes dated February 12, 2014 | SBH001045 | No Objection. |
| **DX-Q** | Supervisory Session Notes dated February 19, 2014 | SBH001046 | No Objection. |
| **DX-R** | Supervisory Session Notes dated February 26, 2014 | SBH001047 | No Objection |
| **DX-S** | Written Warning to Plaintiff dated March 5, 2014 | SBH000634-000636 | No Objection. |
| **DX-T** | Supervisory Session Notes dated June 26, 2014 | SBH0001035 | No Objection. |
| **DX-U** | Two-Day Suspension Notice to Plaintiff dated July 15, 2014 | SBH000649-000650 | No Objection. |
| **DX-V** | Page from Plaintiff's Time Record showing when Plaintiff served two-day suspension | SBH0001079 | No Objection. |
| **DX-W** | Progress Note for Patient A dated July 30, 2014 at 9:00 a.m. | SBH001052-0001053 | No Objection. |
| **DX-X** | Progress Note for Patient B dated July 30, 2014 at 10:30 a.m. | SBH000869-000870 | No Objection. |
| **DX-Y** | Progress Note for Patient A dated July 30, 2014 at 9:30 a.m. | SBH0001071 | No Objection. |
| **DX-Z** | Laser Arc Patient Registration Report for July 30, 2014 | SBH000873 | No Objection. |
| **DX-AA** | Supervisory Session Notes dated July 31, 2014 | SBH001055-001056 | No Objection. |
| **DX-BB** | Notice of Termination of Plaintiff's Employment dated August 6, 2014 | P Supplemental 0001-0002 | No Objection. |
| **DX-CC** | Client Complaint dated November 11, 2011 | SBH001036 | Objection – relevance FRE 401, 403; hearsay |

| | | | FRE 801; lack of foundation FRE 901 |
|---|---|---|---|
| **DX-DD** | Client Complaint [undated] | SBH001037 | Objection – relevance FRE 401, 403; hearsay FRE 801; lack of foundation FRE 901 |
| **DX-EE** | List of Items Returned to Plaintiff Post-Termination of Employment | SBH001082 | Objection – relevance FRE 401, 403; hearsay FRE 801; lack of foundation FRE 901 |
| **DX-FF** | Emails Containing Confidential Patient Information | P Supplemental 0005-0007 | Objection – hearsay FRE 801; lack of foundation FRE 901 |
| **DX-GG** | Supervisory Session Notes dated November 5, 2013 | SBH001041 | No Objection. |
| **DX-HH** | Supervisory Session Notes dated December 4, 2013 | SBH001043 | No Objection. |
| **DX-II** | Supervisory Session Notes dated January 28, 2014 | SBH001044 | No Objection. |
| **DX-JJ** | Employee Handbook, effective January 1, 2013 | SBH000874-000903 | No Objection |
| **DX-KK** | Employee Handbook, effective December 31, 2008 (relevant excerpts) | SBH000155, SBH000172-73 | No Objection. |
| **DX-LL** | Supervisory Session Notes and Emails Produced by Plaintiff *(confidential patient information redacted by Defendant)* | | Objection - hearsay FRE 801; lack of foundation FRE 901 |

Dated:  New York, New York
        January 12, 2018

NESENOFF & MILTENBERG, LLP          EPSTEIN BECKER & GREEN, P.C.


By: /s/ Megan S. Goddard                By: /s/ David W. Garland
    Megan S. Goddard                        David W. Garland
    Gabrielle Vinci                         John F. Fullerton III
                                            Adriana s. Kosovych

363 Seventh Avenue                      250 Park Avenue
New York, New York 10001-3904           New York, New York  10177-1211
Phone: (212) 736-4500                   Phone: (212) 351-4500
Fax: (212) 736-2260                     Fax: (212) 878-8600
*Attorney for Plaintiff*                *Attorneys for Defendant*
                                        *St. Barnabas Hospital*



SO ORDERED

New York, New York
Dated:  _____, 2018


                            _____
                                  Hon. Paul G. Gardephe
                                        U.S.D.C