

| | Ira S. Nesenoff | Barbara H. Trapasso | Philip A. Byler |
| --- | --- | --- | --- |
| | Andrew T. Miltenberg | Ariya M. Waxman | *Senior Litigation Counsel* |
| | | Tara J. Davis | Megan S. Goddard |
| | Stuart Bernstein | Diana R. Warshow | *Counsel* |
| ATTORNEYS AT LAW | | Gabrielle M. Vinci | Rebecca C. Nunberg |
| nmllplaw.com | | Jeffrey S. Berkowitz | *Counsel* |
| | | Kara L. Gorycki | Marybeth Sydor |
| | | | *Title IX Consultant* |

January 21, 2018

**VIA ELECTRONIC FILING**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 705
New York, New York 10007
Fax: (212) 805-7986

   Re: **Ruth Rojas Duarte v. St. Barnabas Hospital (Civil Action No.: 15-cv-6824)**

Dear Your Honor:

  The undersigned is counsel to plaintiff Ruth Rojas Duarte ("Plaintiff") in the above referenced matter. We respectfully write in reply to Defendant's January 21, 2018 letter which advised the court, among other things, that Defendant withdraws its Ninth and Tenth Affirmative Defenses and argued that, in light of Defendant's intention not to assert a Farragher/Ellerth defense, the issue of whether Plaintiff complained is no longer relevant and accordingly, evidence of Plaintiff's complaints, including Plaintiff's exhibits 13 and 15, should be excluded as irrelevant.

  Preliminarily, it is unclear what exactly Defendant intends to do at trial with respect to the contested evidence in question. For example, Defendant advises that it intends to redact policies related to reporting discrimination but reserves the right to introduce evidence of the anti-discrimination policy as relevant to unidentified issues related to "the understanding of Mr. Quinones and Ms. Arce-Tomala regarding … their conduct, and … punitive damages." Accordingly, Defendant's intentions are confusing and Plaintiff requires additional clarification as to what, exactly, Defendant is intending to admit and what it is attempting to exclude.

  Moreover, the two contested exhibits, PX-13 (Plaintiff's rebuttal to her 2011 performance evaluation) and PX-15 (Plaintiff's rebuttal to her 2013 discipline) are clearly relevant as evidence of Plaintiff's state of mind. Pursuant to Federal Rule of Evidence ("Rule") 803(3), statements demonstrating a declarant's then-existing mental, emotional, and physical condition are admissible evidence. See Fed. R. Evid. 803(3). The contested exhibits, which are not going to be offered to prove the truth that the complained of conduct occurred, contemporaneously record Plaintiff's emotional state of mind. Such evidence is admissible hearsay under Rule 803(3) and is relevant to Plaintiff's claim and measure of emotional damages, as well as Plaintiff's subjective perception regarding her work environment, another element of Plaintiff's hostile work environment claims under the state and federal laws.



In addition, the exhibits are relevant to Plaintiff's claim for punitive damages. As Defendant notes in its own requested jury instruction #31, punitive damages may be awarded "where a party has acted willfully, maliciously, with gross disregard for the rights of the complaining party, and for the purpose of causing injury to Plaintiff." See Dkt. No. 77 at pg. 59. Moreover, an employer is liable, and therefore subject to punitive damages, where it approves of and/or authorizes the known wrongful acts of its officer, director, or managing agent. See Dkt. No. 77 at pg. 59-60. Here, the contested exhibits, which will be shown to have been provided to Defendant and ignored, evidence Defendant's knowledge of the complained of wrongful conduct and its willingness to ignore the conduct and allow it to continue. Such evidence is highly probative to Plaintiff's claim for punitive damages and therefore should not be excluded.[1]

In light of the foregoing, and the potential impact any ruling from the Court regarding this issue will have on Plaintiff's preparation for the trial set to begin tomorrow morning, the undersigned respectfully requests a telephone conference with the court this afternoon to address these issues.

**Respectfully submitted,**

**NESENOFF & MILTENBERG LLP**

By: /S/ Megan Goddard
**Megan S. Goddard, Esq.**

cc: **All Counsel (VIA ECF)**

---

[1] Notably, Defendant notes that it intends to redact and exclude all evidence related to Defendant's knowledge of the conduct but still introduce evidence that can help their argument against the imposition of punitive damages. Defendant should not be allowed to cherry pick what probative evidence is allowed to be used to determine whether or not Plaintiff has met her burden to allow the imposition of punitive damages – such decisions are rightfully left up to the jury after all probative evidence is heard. To rule otherwise would severely prejudice Plaintiff.