UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RUTH DUARTE,

                        Plaintiffs,

         – against –

ST. BARNABAS HOSPITAL,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ECF**

Case No.:
<u>165-CV-(PGG)</u>

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
# TO STAY ENFORCEMENT OF THE JUDGMENT

EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500
*Attorneys for Defendant*
*St. Barnabas Hospital*

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Augustin v. Nassau Cty. Sheriff's Dep't (In re Nassay Cty. Strip Search Cases)*,
   783 F.3d 414 (2d Cir. 2015) ......................................................................................................2

*FDIC v. Ann-High Assocs.*,
   129 F.3d 113, 1997 WL 1877195 (2d Cir. 1997) ....................................................................2

**Rules**

Fed. R. Civ. P. 62(a) ........................................................................................................................1

Fed. R. Civ. P. 62(b) .......................................................................................................................2

Firm:45340970v2

**PRELIMINARY STATEMENT**

Defendant St. Barnabas Hospital (the "Hospital") respectfully moves the Court pursuant to Fed. R. Civ. P. 62(b) for stay of its enforcement of the Judgment pending resolution of the Hospital's post-trial motions.

On January 30, 2018, the Court entered Judgment based on the jury verdict in the amount of $1,374,000.00 (Dkt. No. 145). Enforcement of the Judgment is automatically stayed until February 14, 2018. *See* Fed. R. Civ. P. 62(a). As the Court is aware, the Hospital intends to file post-trial motions by February 26, 2018, with briefing to be completed by April 9, 2018. This Court possesses, and should exercise, the power to stay execution of the Judgment pursuant to Fed. R. Civ. P. 62(b) during the period following the automatic stay provided for under Fed. R. Civ. P. 62(b). The Hospital's post-trial motions will be substantial, and very well may alter the underlying Judgment. For these and the other reasons set forth below, the Hospital respectfully submits that the Court should grant a stay.

**ARGUMENT**

**A Stay of Execution of the Judgment During Post-Trial Motions is Appropriate.**

Following the expiration of the 14-day automatic stay of a party's ability to enforce a judgment, Fed. R. Civ. P. 62(b) provides that the Court may grant a further stay pending disposition of post-trial motions. Rule 62(b) further provides that "[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment – or any proceedings to enforce it – pending disposition of any of the following motions: . . . (3) under Rule 59, for a new trial or to alter or amend a judgment." After the jury verdict here, the Hospital reserved its right to file post-trial motions, and the Court set a briefing schedule for that purpose based on the timetable proposed by the parties, pursuant to which the post-trial motions will be fully briefed

as of April 9, 2018. (*See* Trial Transcript, at 1005-1007 and Dkt. No. 141). Under the circumstances, a stay pending resolution of the Hospital's motion is appropriate.

The Court, in its discretion, may waive the requirement to file a supersedeas bond to obtain a stay during the pendency of the post-trial motions. *See Augustin v. Nassau Cty. Sheriff's Dep't (In re Nassau Cty. Strip Search Cases)*, 783 F.3d 414, 417, 418 (2d Cir. 2015) (observing that the aim of the Court should be "to ensure recovery for a party who ultimately prevails on appeal, and to protect the judgment debtor from the risk of losing the money if the decision is reversed") (citing *FDIC v. Ann-High Assocs.*, 129 F.3d 113, 1997 WL 1877195, at *1 (2d Cir. 1997) (per curiam)).  To eliminate any potential dispute over the issue of the Hospital's ability to pay the Judgment, however, the Hospital has secured and is filing an appropriate supersedeas bond with this motion. Because the Hospital has proceeded to secure a bond, the Judgment is secured, and a stay would pose no risk to Plaintiff.  *See Okeke v. The New York & Presbyterian Hosp.*, 16-CV-0570 (CM) (Memo Endorsed, August 10, 2017, Dkt. No. 216) (granting stay of execution of judgment pending post-trial motions once appropriate bond was posted).

## **CONCLUSION**

For all these reasons, the Hospital respectfully submits that in this case it would be both appropriate, and just and proper, for the Court to grant a stay of its Judgment.

|  |  |
|---|---|
| Dated: New York, New York<br>February 9, 2018 | Respectfully submitted,<br><br>EPSTEIN BECKER & GREEN, P.C.<br><br>By:   s/ *David W. Garland*<br>         David W. Garland<br>         John F. Fullerton III<br>         Adriana Kosovych<br>250 Park Avenue<br>New York, New York  10177-1211<br>Tel: (212) 351-4500<br>*Attorneys for Defendant*<br>*St. Barnabas Hospital* |

To:

Megan Goddard (by ECF)
Gabrielle Vinci (BY ECF)
Bennitta Joseph (by ECF)
Bruce Gitlin (by ECF)

*Attorneys for Plaintiff*

3