UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
RUTH DUARTE,

                     Plaintiff,

-vs-                                            15 Civ. 6824 (PGG)

ST. BARNABAS HOSPITAL,

                     Defendant.
-------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS

| STEPHEN BERGSTEIN | BRUCE GITLIN | GABRIELLE VINCI | MEGAN GODDARD |
|---|---|---|---|
| BERGSTEIN & ULLRICH, LLP<br>5 Paradies Lane<br>New Paltz, N.Y. 12561<br>(845) 468-1277 | GITLIN, HORN & VAN de KIEFT, LLP<br>2095 Broadway, Suite 407<br>New York, N.Y. 10023<br>(212) 514-5347 | NESENOFF & MILTENBERG, LLP<br>363 Seventh Avenue, 5th Floor<br>New York, N.Y. 10001<br>(212) 736-4500 | GODDARD LAW<br>39 Broadway, Suite 1540<br>New York, N.Y. 10006<br>(646) 504-8363<br>*Counsel for Plaintiff* |

BENNITTA JOSEPH

JOSEPH & NORINSBERG LLC
225 Broadway, Suite 2700
New York, NY 10007

(212) 227-5700

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT

POINT I: PLAINTIFF IS A PREVAILING PARTY UNDER THE NEW YORK CITY HUMAN RIGHTS LAW ........ 1

POINT II: COUNSEL EXPENDED A REASONABLE AMOUNT OF TIME IN LITIGATING THIS CASE ........ 1

POINT III: IN LIGHT OF THE UNSUCCESSFUL CLAIMS, PLAINTIFF PROPOSES A 15 PERCENT REDUCTION IN PRE-TRIAL ATTORNEYS' FEES ........ 4

POINT IV: PLAINTIFF'S REQUESTED HOURLY RATES ARE REASONABLE ........ 6

CONCLUSION ........ 11

# TABLE OF AUTHORITIES

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany,*     7
    522 F.3d 182 (2d Cir. 2008)

*Bailey v. Pataki,*     8
    2016 U.S. Dist. LEXIS 82566 (S.D.N.Y. June 16, 2016)

*Blake v. N.Y.C. Health & Hosps. Corp.,*     7
    2016 U.S. Dist. LEXIS 152941 (S.D.N.Y. Nov. 3, 2016)

*Cruz v. Hauck,*     2
    762 F.2d 1230 (5th Cir. 1985)

*Dague v. Burlington,*     5
    935 F.2d 1343 (2d Cir. 1991)

*Duarte v. St. Barnabas Hosp.,*     5
    2017 U.S. Dist. LEXIS 148441 (S.D.N.Y. 2017).

*E.S. v. Katonah-Lewisboro Sch. Dist.,*     5
    796 F. Supp. 2d 421 (S.D.N.Y. 2011)

*Fox v. Vice,*     3
    563 U.S. 826 (2011)

*Gierlinger v. Gleason,*     6
    160 F.3d 858 (2d Cir. 1998)

*Hensley v. Eckerhart,*     2
    461 U.S. 424 (1983)

*Hernandez v. Kaisman,*     4
    139 A.D.3d 406 (1st Dept. 2016)

*Hines v. City of Albany,*     4
    862 F.3d 215 (2d Cir. 2017)

*Johnson v. Blum,*     2
    58 N.Y.2d 454 (1983)

*LeBlanc-Sternberg v. Fletcher,*     7
    143 F.3d 748 (2d Cir. 1998)

*McGrath v. Toys "R" Us, Inc.*, 1
    3 N.Y.3d 421 (2004)

*Mugavero v. Arms Acres, Inc.*, 8
    2010 U.S. Dist. LEXIS 11210 (S.D.N.Y. Feb. 9, 2010)

*Orchano v. Advanced Recovery*, 3
    107 F.3d 94 (2d Cir. 1997)

*Quaratino v. Tiffany & Co.* 5
    166 F.3d 422 (2d Cir. 1999)

*Rai v. WB Imico Lexington Fee, LLC*, 7
    2017 U.S. Dist. LEXIS 49395 (S.D.N.Y. Mar. 31, 2017)

*Reed v. A.W. Lawrence & Co.*, 5
    95 F.3d 1170 (2d Cir. 1996)

*Restivo v. Hessemann*, 3, 6
    846 F.3d 547 (2d Cir. 2017)

*Sayigh v. Pier 59 Studios, L.P.*, 1
    2015 U.S. Dist. LEXIS 27139 (S.D.N.Y. Mar. 5, 2015)

*Simmons v. N.Y. City Transit Auth.*, 6
    575 F.3d 170 (2d Cir. 2009)

*Smart v. City of N.Y.*, 7
    .2017 U.S. Dist. LEXIS 24602 (E.D.N.Y. Feb. 17, 2017)

*Smith v. Robinson*, 2
    468 U.S. 992 (1984)

*Tatum v. City of N.Y.*, 9, 10
    2010 U.S. Dist. LEXIS 7748 (S.D.N.Y. Jan. 28, 2010)

*Wilder v. Bernstein*, 2
    965 F.2d 1196 (2d Cir. 1992)

# PRELIMINARY STATEMENT

Plaintiff Ruth Rojas Duarte submits this memorandum of law in support of her motion for reasonable attorneys' fees and costs arising from the successful litigation of her employment discrimination claim brought under the New York City Human Rights Law. Since Plaintiff is a prevailing party, she is entitled to fees. As her attorneys expended a reasonable amount of time on this action and achieved an excellent result, other than a 15 percent reduction for time expended on the case prior to trial, this Court should award Plaintiff full attorneys' fees and costs. The total amount, including costs, is $411,779.83.

# POINT I

## PLAINTIFF IS A PREVAILING PARTY UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

Under New York City Admin. Code § 8-502(g), "In any civil action commenced pursuant to this section, the court, in its discretion, may award the prevailing party reasonable attorney's fees, expert fees and other costs." The statute notes that "the term 'prevailing' includes a plaintiff whose commencement of litigation has acted as a catalyst to effect policy change on the part of the defendant, regardless of whether that change has been implemented voluntarily, as a result of a settlement or as a result of a judgment in such plaintiff's favor." *Id.*

As § 8-502(g) is worded similarly to the federal civil rights attorneys' fees statute, courts interpret it "consistently with federal precedent." *Sayigh v. Pier 59 Studios, L.P.*, No. 11-CV-1453-RA, 2015 U.S. Dist. LEXIS 27139, at *17 (S.D.N.Y. Mar. 5, 2015) (quoting *McGrath v. Toys "R" Us, Inc.*, 3 N.Y.3d 421, 428-29 (2004)). While § 8-502 states that the court may award attorneys' fees "in its discretion," this language does not mean the statute vests the court with broad discretion to *deny* attorneys' fees to Plaintiff in their entirety. The City Law's attorney fees

1

provision mirrors the federal attorneys' fees statute, 42 U.S.C. § 1988, which states that "[i]n any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C. 1681 et seq.], or title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Yet, while § 1988 states that courts may award fees to prevailing parties "in [their] discretion," the Supreme Court has held that "[a]s the legislative history illustrates and as this Court has recognized, § 1988 is a broad grant of authority to courts to award attorney's fees to plaintiffs seeking to vindicate federal constitutional and statutory rights." *Smith v. Robinson*, 468 U.S. 992, 1006 (1984). The Second Circuit Court of Appeals has squarely addressed this issue, stating:

> Although the statute expressly conditions the award of attorneys' fees upon the discretion of the court, the effect of this language has been interpreted to create a strong preference in favor of the prevailing party's right to fee shifting. Therefore, "[a] party seeking to enforce the rights protected by the statutes covered by [§ 1988], if successful, 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'"

*Wilder v. Bernstein*, 965 F.2d 1196, 1201-02 (2d Cir. 1992) (quoting S. Rep. No. 1011, 94th Cong., 2d Sess. 4, reprinted in 1976 U.S. Code Cong. & Admin. News 5908, 5912 (Senate Report) (quoting *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968)). *See also Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) ("The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances. H. R. Rep. No. 94-1558, at 1 (1976). Accordingly, a prevailing plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust'"); *Johnson v. Blum*, 58 N.Y.2d 454, 457 n.1 (1983) (same); *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985) ("absent special circumstances, a prevailing plaintiff should be awarded section 1988 fees *as a matter of course*,"

noting that "the discretion afforded district courts to deny attorney's fees to prevailing plaintiffs under § 1988 is exceedingly narrow") (emphasis supplied).

Civil rights cases authorize fee-shifting "to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel." *Orchano v. Advanced Recovery*, 107 F.3d 94, 97 (2d Cir. 1997). That policy also applies to the New York City Human Rights Law, which articulates in the strongest terms the City Council's intent to outlaw discrimination in all its forms. *See* N.Y.C. Administrative Code 8-101 ("The council hereby finds and declares that prejudice, intolerance, bigotry, and discrimination, bias-related violence or harassment and disorder occasioned thereby threaten the rights and proper privileges of its inhabitants and menace the institutions and foundation of a free democratic state").

**POINT II**

**COUNSEL EXPENDED A REASONABLE
AMOUNT OF TIME IN LITIGATING THIS CASE**

The Supreme Court has emphasized that "the determination of fees 'should not result in a second major litigation.'" *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, it has instructed:

> The fee applicant . . . must, of course, submit appropriate documentation to meet the burden of establishing entitlement to an award. But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

*Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017).

The affidavits in support of this motion show the billing records were contemporaneously maintained. These records detail the work performed and allow this Court to determine if counsel expended a reasonable amount of time on this case. *See Restivo*, 846 F.3d at 591 ("attorneys are required to keep and submit contemporaneous records with their fee applications,

3

absent unusual circumstances outside the attorney's control"); *Hernandez v. Kaisman*, 139 A.D.3d 406, 407 (1st Dept. 2016) ("time sheets for the prevailing party must include 'sufficient detail to permit intelligent review of the necessity or reasonableness of the time expenditures recorded therein'"). The records show which attorney handled particular tasks, including case intake and investigation, motion practice, communications with the Plaintiff and opposing counsel, trial preparation and trial, and post-trial motions.

The tasks are compartmentalized in that attorneys Megan Goddard and Gabrielle Vinci handled discovery and pre-trial motion practice. Counsel Bennitta Joseph and Bruce Gitlin came aboard to try the case with Goddard and Vinci. Counsel Stephen Bergstein is handling the post-trial motions, including this fee application. The time sheets show minimal duplication of the work expended in this case, including during trial, when counsel focused on individual witnesses.

Finally, time expended in litigating this attorneys' fees motion is compensable. *Hines v. City of Albany*, 862 F.3d 215, 223 (2d Cir. 2017).

## POINT III

### IN LIGHT OF THE UNSUCCESSFUL CLAIMS, PLAINTIFF PROPOSES A 15 PERCENT REDUCTION IN PRE-TRIAL ATTORNEYS' FEES

The jury entered a verdict in Plaintiff's favor on the only claim that came before it: hostile work environment on the basis of disability in violation of the New York City Human Rights Law. Although Plaintiff plead a series of claims that were also resolved on the summary judgment motion, that provides no basis to reduce the overall fees award.

"Although 'the most critical factor is the degree of success obtained,' where a case presents a common core of facts and related legal theories, district courts should 'focus on the

4

significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.' When the issues are intertwined factually, a fully compensatory fee award is justified even where a plaintiff does not prevail on all his claims or obtain all relief requested in his complaint." *Dague v. Burlington*, 935 F.2d 1343, 1358-59 (2d Cir. 1991). S*ee also Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir. 1996) ("Where the district court determines that the successful and unsuccessful claims are 'inextricably intertwined' and 'involve a common core of facts or [are] based on related legal theories,' it is not an abuse of discretion for the court to award the entire fee").

"When a plaintiff's claims for relief involve common facts and legal issues, a court should not 'divide the number of hours expended on a claim-by-claim basis.' Thus, a court should not reduce fee requests due to unsuccessful claims if the successful and unsuccessful claims are 'inextricably intertwined and involve a common core of facts or are based upon related legal theories.'" *E.S. v. Katonah-Lewisboro Sch. Dist.*, 796 F. Supp. 2d 421, 427-28 (S.D.N.Y. 2011) (citing *inter alia Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999)).

On the summary judgment motion, this Court dismissed Plaintiff's disparate treatment claims alleging racial and national origin discrimination and gender discrimination. This Court also dismissed Plaintiffs' claims alleging a hostile work environment on the basis of race and gender. Plaintiff's FMLA and retaliation claims under the New York Human Rights Law claim were also dismissed. This Court denied summary judgment on Plaintiff's hostile work environment claim on the basis of disability and national origin under federal and city law, as well as her state law whistleblower claims. *Duarte v. St. Barnabas Hosp.*, 15 Civ. 6824 (PGG), 2017 U.S. Dist. LEXIS 148441 (S.D.N.Y. 2017). As Plaintiff withdrew her national origin hostile work environment claim and the state law whistleblower claim, the only claim that

reached the jury was her disability harassment claim under the New York City Human Rights Law. However, since (1) Plaintiff fully prevailed on her disability discrimination claim and achieved an excellent result and (2) the dismissed claims had substantial factual overlap with Plaintiff's meritorious claim, any substantial reduction in the attorneys' fees award is not warranted. All claims focused on Plaintiff's job duties, her relationship with management and workplace discipline. Plaintiff proposes a 15 percent reduction in the overall attorneys' fees award up until trial, which focused on the disability and national origin harassment claims, which had overlapping factual allegations. Plaintiff should recover 100 percent of her attorneys' fees for all work expended in preparing for trial and trying the case, as well as all post-trial work, including defending the Rule 59 motion and handling the attorneys' fees motion.

## POINT IV

## PLAINTIFF'S REQUESTED HOURLY RATES ARE REASONABLE

"'[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case.' The district court here derived the fee award through application of the lodestar method, multiplying the number of hours the court found that NSB attorneys reasonably spent litigating the case by hourly rates it found reasonable. The Supreme Court has held that 'the lodestar method yields a fee that is presumptively sufficient to achieve [the] objective' of Section 1988(b)." *Restivo*, 846 F.3d at 589.

"In calculating the lodestar amount, the rates used generally 'are the market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998). "Courts 'should generally use 'the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee.'" *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009). "The district court must also 'bear in mind all of the case-specific

6

variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate.' Those factors include the attorney's experience and expertise and the overall success achieved in the case." *Smart v. City of N.Y.*, No. 15-CV-1405 (RRM)(PK), 2017 U.S. Dist. LEXIS 24602, at *5 (E.D.N.Y. Feb. 17, 2017) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)). As this case was litigated and tried in Manhattan, this Court should apply rates applicable to the Southern District of New York. *See* N.Y.C. Admin. Code § 8-502(g) ("The court shall apply the hourly rate charged by attorneys of similar skill and experience litigating similar cases in New York county when it chooses to factor the hourly rate into the attorney's fee award").

"'Courts should rely on both evidence submitted by the parties as to the rates they typically charge, and [the court's] own knowledge of comparable rates charged by lawyers in the district.' Moreover, 'current rates, rather than historical rates, should be applied in order to compensate for the delay in payment[.]'" *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998).

*Megan Goddard, Esq.*

As lead counsel in this case, Attorney Goddard seeks an hourly rate of $450.00. Goddard graduated from Tulane Law School in 2003 and was admitted to practice in 2004. The Goddard affirmation details her legal experience and qualifications. Her hourly rate is in line with comparable attorneys in this district. *See Rai v. WB Imico Lexington Fee, LLC*, 09 Civ. 9584 (PGG), 2017 U.S. Dist. LEXIS 49395, at *30 (S.D.N.Y. Mar. 31, 2017) (noting that "recent fee awards within the district reflect hourly rates in the range of $450.00 to $600.00 for experienced partners, $350.00 for senior associates . . . "); *Blake v. N.Y.C. Health & Hosps. Corp.*, 14 Civ.

7

3340 (JGK), 2016 U.S. Dist. LEXIS 152941, at *12 (S.D.N.Y. Nov. 3, 2016) ("In 2012, '[c]ourts in this District ha[d] determined . . . that the range of appropriate fees for experienced civil rights and employment law litigators is between $250 and $450.' Several more recent decisions have placed the upper limits of the range closer to $600"). *See also Bailey v. Pataki*, 08-cv-8563 (JSR), 2016 U.S. Dist. LEXIS 82566, at *33-34 (S.D.N.Y. June 16, 2016) (awarding two attorneys, admitted to practice in 2002 and 2003, $550.00 per hour). Ms. Goddard's time records show this attorney expended 103.36 hours on the case pre-trial and 293.80 hours on the case on trial preparation and trial. At $450.00 per hour, the pretrial work amounts to $46,512.00, with a 15 percent reduction amounting to $39,535.20. The trial preparation and trial work amounts to $132,210.00. The total amount for Ms. Goddard's work is $171,745.20.

*Gabrielle Vinci, Esq.*

Attorney Vinci seeks an hourly rate of $350.00. Vinci graduated from Hofstra Law School in 2014 and was admitted to practice in 2015. The Vinci affirmation details her legal experience and qualifications. *See Mugavero v. Arms Acres, Inc.*, 03 Civ. 05724 (PGG), 2010 U.S. Dist. LEXIS 11210, at *15 (S.D.N.Y. Feb. 9, 2010) ("precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $ 250 to $ 600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time"). Ms. Vinci's time records show this attorney expended 131.2 hours on the case pre-trial and 70.9 hours on the case on trial preparation and trial. At $350.00 per hour, the pretrial work amounts to $45,920.00, with a 15 percent reduction amounting to $39,032.00. The trial preparation and trial work amounts to $24,815.00. The total fee amount for Ms. Vinci's work is $63,847.00.

8

*Benitta Joseph, Esq.*

Attorney Joseph seeks an hourly rate of $500.00. Her Affirmation in support of this motion summarizes Joseph's credentials and experience as a civil rights attorney. In December 2017, a Magistrate Judge in the Eastern District of New York awarded Joseph $500.00 in an FLSA case. Under the cases set forth in Joseph's Affirmation, this hourly rate is in line with comparable attorney in this judicial district. Ms. Joseph's time records show this attorney expended 163.98 hours on the case. At $500 per hour, that amounts to $81,990.

*Bruce Gitlin, Esq.*

Attorney Gitlin seeks an hourly rate of $600.00. The Gitlin Affirmation details his legal experience and qualifications. Gitlin has been practicing law for nearly 40 years and specializes in representing plaintiffs with hearing impairments. The cases cited above support his requested hourly rate. His time records show that Gitlin expended 71.10 hours on the case. At $600.00 per hour, that amounts to $42,660.00.

*Tara Davis, Esq.*

The Goddard Affirmation summarizes Attorney Davis' experience and qualifications. Ms. Davis is entitled to $400.00 per hour. She expended 5.5 hours on the case, pretrial, amounting to $2,200.00. At the 15 percent reduction, that amounts to $1,870.00.

*Stephen Bergstein, Esq.*

Attorney Bergstein seeks an hourly rate of $450.00. Bergstein graduated from CUNY Law School in 1993 and was admitted to practice in 1994. His affirmation details his legal experience and qualifications. In 2010, this Court awarded an hourly rate of $450.00 for a small-firm civil rights attorney who was admitted to practice in 1993. *Tatum v. City of N.Y.*, No. 06-

cv-4290 (PGG)(GWG), 2010 U.S. Dist. LEXIS 7748, at *18 (S.D.N.Y. Jan. 28, 2010). *See also Blake v. N.Y.C. Health & Hosps. Corp.*, 2016 U.S. Dist. LEXIS 152941, at *10-15 (awarding $425.00 per hour for attorney who "was admitted to the bar in 1993 and has approximately 23 years' experience litigating '[c]ivil [r]ights, [l]abor and [e]mployment matters in the Southern District of New York'"). Bergstein's time records reflect that he expended 81.25 hours on this case, in both opposing Defendant's post-trial motion and preparing this attorneys' fees application. At $450.00 per hour, that amounts to $36,562.25.

*Paralegals.*

Paralegals in this district are entitled to $125.00 per hour. *Tatum v. City of N.Y.*, 2010 U.S. Dist. LEXIS 7748, at *19-20. The time sheets show the paralegal expended 10.20 hours on this case pre-trial and 21.20 hours on the case for trial preparation and trial. At $125.00 per hour, that amounts to $1,275 pre-trial, with a 15 percent reduction amounting to $1,083.75. Trial preparation and trial work consumed 21.20 hours, amounting to $2,650.00.

*Costs.*

The billing records annexed to the Goddard Affirmation as Exhibit 1 (at last two pages) reflect litigation costs amounting to $9,371.63.

The following chart summarizes the attorneys' fees in this action:

| Attorney | Hours | Rate | Total | 15% reduction |
|---|---|---|---|---|
| Goddard (pretrial) | 103.35 | $450.00 | $46,512.00 | **$39,535.20** |
| Goddard (trial) | 293.80 | $450.00 | **$132,210.00** | N/A |
| Vinci (pretrial) | 131.20 | $350.00 | $45,920.00 | **$39,032.00** |

| | | | | |
|---|---|---|---|---|
| Vinci (trial) | 70.90 | $350.00 | **$24,815.00** | N/A |
| Joseph | 163.98 | $500.00 | **$81,990.00** | N/A |
| Gitlin | 71.10 | $600.00 | **$42,660.00** | N/A |
| Davis (pretrial) | 5.50 | $400.00 | $2,200.00 | **$1,870.00** |
| Bergstein | 81.25 | $450.00 | **$36,562.25** | N/A |
| **Paralegals** | | | | |
| (pretrial) | 10.20 | $125.00 | $1,275.00 | **$1,083.75** |
| (trial) | 21.20 | $125.00 | **$2,650.00** | N/A |
| **Costs:** | **$9,371.63** | | | |
| **Total fees and costs:** | | | | **$411,779.83** |

## CONCLUSION

This Court should grant the instant motion and award Plaintiff $411,779.83 in reasonable attorneys' fees and costs.

Dated: May 4, 2018

Respectfully submitted,

*[signature]*

| STEPHEN BERGSTEIN<br><br>BERGSTEIN & ULLRICH, LLP<br>5 Paradies Lane<br>New Paltz, N.Y. 12561<br>(845) 468-1277 | BRUCE GITLIN<br><br>GITLIN, HORN & VAN de KIEFT, LLP<br><br>2095 Broadway, Suite 407<br>New York, N.Y. 10023<br>(212) 514-5347 | GABRIELLE VINCI<br><br>NESENOFF & MILTENBERG, LLP<br><br>363 Seventh Avenue, 5th Floor<br>New York, N.Y. 10001<br>(212) 736-4500 | MEGAN GODDARD<br><br>GODDARD LAW<br><br>39 Broadway, Suite 1540<br>New York, N.Y. 10006<br>(646) 504-8363<br>*Counsel for Plaintiff* |
|---|---|---|---|

BENNITTA JOSEPH

JOSEPH & NORINSBERG LLC
225 Broadway, Suite 2700
New York, NY 10007

(212) 227-5700